Kanai *v.* Sowa, Appellant.

Argued April 21, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Richard A. McConnell,* for appellant.

*John D. Ray,* and with him *Stephen Steranchak* and *Reed and Ewing,* for appellee.

OPINION BY BALDRIGE, J., July 14, 1933:

The plaintiff, an undertaker, brought this action to recover the sum alleged to be due for burying the defendant's wife. A judgment was entered September 1, 1931, for want of an appearance. On November 17th, following, the defendant filed a petition to open the judgment, wherein he denied that he had any contractual relationship with the plaintiff, and that when the summons and statement of claim were served on him, he consulted an attorney, who advised him to make no defense. As a result of this advice, he failed to take any action. A rule was granted to show cause why judgment should not be opened, depositions were taken, and the rule discharged.

The record discloses that the wife became ill and was removed from the defendant's home to a hospital, where she died. The children, by a former marriage, took charge of her body and removed it to their home, engaged plaintiff, and arranged for the funeral services. Before the burial, the husband learned what had occurred, but made no active protest. The wife, prior to her marriage, was a Greek Catholic, and the husband was a Roman Catholic, but, according to the tenets of his church, she became a member of it. When the husband learned of his wife's death, he consulted with his priest and an undertaker in regard to burial, but incurred no financial obligations. Two days after her death, the defendant conveyed all his real estate to his daughter. This information was given to the attorney, who advised the defendant that as he did not own any property, it would not make any difference if a judgment was obtained against him.

To have a judgment opened, taken by default, it is

necessary to present sufficient reasons to appeal to the conscience of the judge, who sits as a chancellor, and convince him that injustice has been done. "It is well settled in Pennsylvania that relief will be granted from a judgment entered by default, as a result of the mistake or oversight of counsel, where application is promptly made, a reasonable explanation or excuse for the default offered, and a defense shown upon the merits": Fuel City. Mfg. Co. v. Waynesburg P. Corp., 268 Pa. 441, 444, 112 A. 145. This judgment was not due to an oversight, an unintentional omission to act, or a mistake of the rights and duties of the defendant, but was the result of a decision, after deliberation, not to defend. As the lower court well says: "To adopt and apply such a rule in litigation would involve the courts in constant setting aside of proceedings on the alleged ground that parties had been ill advised by their counsel. There would be no certainty in procedure, and no end to litigation. We are satisfied, therefore, that the instant case does not present such a ground for opening the judgment as is approved in the cases we have hereinbefore considered." Furthermore, there is grave doubt whether the defendant could have successfully defended against plaintiff's claim, if the judgment had been opened, as the husband is primarily liable for the funeral expenses of his wife: Waesch's Est., 166 Pa. 204, 30 A. 1124; Conn's Est., 65 Pa. Superior Ct. 511; Mitchell's Est., 79 Pa. Superior Ct. 208.

It is our sole duty to consider carefully the entire record and determine whether there has been an abuse of discretion. If a doubt exists as to real justice and equity, the court below will not be reversed: Warren Sav. Bk. & Tr. Co. v. Foley, 294 Pa. 176, 144 A. 84; Certelli v. Braum, 294 Pa. 488, 144 A. 403. We find

no evidence to justify us in disturbing the conclusion reached by the learned court below.

Order of the court affirmed.