361 A.2d 403

**Jack MacCLAIN, Appellant,**

**v.**

**PENN FRUIT, INC.**

Superior Court of Pennsylvania.

June 28, 1976.

304

Weinstein, Leonard & Lebofsky, Associates, Stanley Lebofsky, Philadelphia, for appellant.

Lisa J. Holzsager, R. Borden, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge.

The appellant in this case challenges the opening of a default judgment by the court below, alleging an abuse

of discretion. We agree, and reverse the orders of the lower court.

On November 15, 1974, appellant filed a complaint in trespass in the Court of Common Pleas of Philadelphia County. Service was accomplished on November 25, 1974. On January 7, 1975, forty-seven days after service, plaintiff filed a praecipe for default judgment. Judgment was entered on the same day and notice under Pa.R.C.P. No. 236 [1] was sent. On May 13, 1975, a rule was entered upon appellant to show cause why the judgment should not be opened or stricken. On June 2, 1975, the court entered an order opening the judgment, and, on June 6, 1975, this order was affirmed.

■■■ It is well established that a lower court's disposition of a petition to open a default judgment is a matter of discretion and will not be disturbed in the absence of a clear abuse of that discretion. *Pappas v. Stefan*, 451 Pa. 354, 304 A.2d 143 (1973); *Balk v. Ford Motor Co.*, 446 Pa. 137, 285 A.2d 128 (1971). Before a default judgment may be opened in a trespass action, two requirements must be met: (1) the petition to open must have been promptly filed, (2) the delay must be reasonably explained.[2] *Ruczynski v. Jersey Construction Corp.*, 457 Pa. 510, 326 A.2d 326 (1974); *Reliance Insurance Companies v. Festa*, 233 Pa.Super. 61, 335 A.2d 400 (1975). Because we find that appellee did not present a reasonable explanation for its failure to answer appellant's complaint, we need not review the additional requirement.

1. Pa.R.C.P. No. 236 provides, in pertinent part:
   "(a) The prothonotary shall immediately give written notice by ordinary mail of the entry of any order, decree or judgment . . . ."

2. A third requirement, that of showing a defense on the merits, is applicable to all actions other than in trespass. A meritorious defense need not be shown in order to open a default judgment in a trespass action if the equities are otherwise clear. *Kraynick v. Hertz*, 443 Pa. 105, 277 A.2d 144 (1971); *Beam v. Carletti*, 229 Pa.Super. 168, 323 A.2d 180 (1974).

■ In its petition to open the default judgment, appellee states that its store manager, Vincent Char, denies ever being served with a complaint. The sheriff's return, however, indicates that service of the complaint on appellant was made by serving V. Char, "agent or person for the time being in charge of defendant's office or usual place of business," [3] at appellant's store at Wayne and Chelten Avenues in Philadelphia. A claim of false return of service is not grounds for setting aside a judgment because it is "long established that absent a showing of fraud, a Sheriff's return, true and regular on its face, is conclusive as to service of individuals present in Pennsylvania." *Colucci v. Imperial*, 414 Pa. 289, 292, 200 A.2d 297, 299 (1964). *See also Einstein v. Forman*, 212 Pa.Super. 450, 243 A.2d 181 (1968). Here, there being no allegation of fraud and no defect or irregularity in the sheriff's return, the fact of service is unassailable.

■ Appellee's assert in this appeal that the decision to open the judgment in the court below did not rest on a claim of failure of service or improper service, but rather on an alleged "mix-up" or "technical oversight" resulting in failure to forward the suit papers to appellee's corporate headquarters. No further explanation appears in the record for appellee's failure to answer the complaint.

> "It is well-established that the moving party, in order to gain relief from a default judgment, is required to reasonably explain, excuse, or justify his failure to appear or answer. E. g., *Zellman v. Fickenscher*, 452 Pa. 596, 307 A.2d 837 (1973); *McCoy v. Public Acceptance Corp.*, 451 Pa. 495, 305 A.2d 698 (1973); *Balk v. Ford Motor Co.*, 446 Pa. 137, 285 A.2d 128 (1971). A mere allegation of negligence or mistake will not, by itself, satisfy this requirement; the moving party must advance in argument a factual basis

**3.** This service was in compliance with Pa.R.C.P. No. 2180(a)(2).

to support his plea for relief. See, e. g., *Balk v. Ford Motor Co.,* 446 Pa. 137, 285 A.2d 128 (1971) (insurance carrier lost insured's court papers during the heavy mail rush of a New Year's holiday period); *Kraynick v. Hertz,* 443 Pa. 105, 277 A.2d 144 (1971) (overworked employee failed to notify the insurance carrier of plaintiff's suit until after entry of default judgment)" *Barron v. William Penn Realty Co.,* —— Pa.Super. ——, ——, —— A.2d ——, —— (filed March 29, 1976).

Appellee's nebulous assertion of mistake or inadvertence in failing to answer the complaint falls marketedly short of the standard set in *Barron, supra,* and numerous other cases. We find that the lower court abused its discretion in opening the default judgment.

The orders of the lower court are reversed and the default judgment is reinstated.