## Wayne v. Pennsylvania National Mutual Insurance Company

*Joseph D. Shein*, for plaintiff.
*Walter J. Timby, Jr.*, for defendant.

SMITH, S., *J.*, May 25, 1977—Plaintiff, Eugene Wayne, filed an action in trespass against several defendants, including Pa. National Mutual Insurance Co. (Pa. Nat'l). On March 22, 1976, Pa. Nat'l filed interrogatories and served a copy on plaintiff's attorney in accordance with Pa.R.C.P. 4005. The

rules of procedure require that these interrogatories be either objected to within ten days or answered within 20 days. Plaintiff did neither.

On July 14, 1976, Pa. Nat'l's attorney wrote to plaintiff's attorney requesting the interrogatories be answered. On July 21, 1976, a second request was made. Plaintiff again did not respond to these requests.

On December 1, 1976, Pa. Nat'l advised the plaintiff of its intention to file a praecipe for interlocutory order in accordance with Philadelphia Local Rule of Procedure 4005(d), [now Rule 145], which provides:

"If the adverse party fails to file of record answers to interrogatories within the time period required by Pa.R.C.P. 4005 or timely objections under Pa.R.C.P. 4005(b) and, in addition, does not so file within any extended period granted to him under Pa.R.C.P. 248, the Prothonotary shall, on praecipe and certification of service and upon ten (10) days' notice by the party filing the interrogatories, enter an interlocutory order requiring the adverse party to file answers within thirty (30) days of the date of the order, and providing for sanctions as hereinafter set forth.

"This order shall become final at the expiration of the interlocutory period, upon filing of a supplemental praecipe and certification of service, unless prior to the expiration of the interlocutory period, the party required to answer the interrogatories files a motion for an extension of this time limit. Such motion shall be disposed of by an appropriate order of the Civil Motion Court.

"The interlocutory order of the Prothonotary setting forth sanctions as provided herein shall be as follows . . .

"(B) As to a plaintiff or plaintiffs, an order entering a Judgment of Non Pros in favor of the party filing the interrogatories.

"Whenever a praecipe is required herein, it shall be filed by the party filing the interrogatories."

On December 16, the interlocutory order was entered by the prothonotary, ordering plaintiff to answer Pa. Nat'l's interrogatories within 30 days or suffer judgment of non pros. No response was made by plaintiff to this order.

On January 27, 1977, some 42 days after its entry, Pa. Nat'l filed a certificate of service and supplemental praecipe and judgment of non pros was entered in favor of Pa. Nat'l.

Plaintiff filed a motion to vacate the judgment of non pros. The court must treat this motion by using the same standards as would be applied to a petition to open a default judgment. Thus, plaintiff must establish that the petition itself was promptly filed, and must reasonably explain its failure to answer Pa. Nat'l's interrogatories: MacClain v. Penn Fruit, 241 Pa. Superior Ct. 303, 361 A. 2d 403 (1976).

Plaintiff delayed some three and one-half weeks after being notified of the judgment of non pros before filing his motion; the court finds this to be reasonably prompt.

Plaintiff has failed, however, in carrying its burden of reasonably explaining its failure to answer defendant's interrogatories. Plaintiff offers four explanations.

First, plaintiff contends that he mistakenly believed the interrogatories for which answers were sought to have been "expert witness" interrogatories seeking the identity of such experts. Since plaintiff had not yet retained any experts, he

did not feel compelled to answer these interrogatories. There is no provision in the rules for delaying an answer until the information to questions is obtained. Plaintiff's counsel was required to respond to any interrogatories filed in accordance with Pa.R.C.P. 4005 and 4006. He failed to either answer or object to the interrogatories, and never contacted the attorney for Pa. Nat'l to request an extension of time in which to answer. In addition, plaintiff's counsel has not shown the court any justification for his belief that the interrogatories in question were the "expert witness" questions. The court does not find this explanation "reasonable."

Plaintiff next contends that he had already answered two similar sets of interrogatories for *other* defendants in this case and therefore "it was plaintiff's counsel's opinion that such answers sufficed." Again, plaintiff gives no basis for this "opinion." Neither plaintiff nor the court may ignore the fact that a party is required by the rules to respond to interrogatories. While the court recognizes that it is common in multi-defendant cases for each defendant to accept the answers to the basic background interrogatories of one, plaintiff cannot independently make this assumption. Each party has the right to have its interrogatories answered. Plaintiff might have overcome this problem by writing to Pa. Nat'l's attorney but never did so. Finally, it is preposterous for plaintiff's counsel to claim this opinion, when he received two letters from Pa. Nat'l requesting answers to its interrogatories, and it finally filed a motion for an order to compel answers.

This brings the court to plaintiff's counsel's third explanation: he was on vacation when the notice of intention to file under Rule 4005(d) arrived in his office and the notice was "placed in the file" and

ignored until he was notified of the non pros judgment on January 26. This does not constitute a reasonable explanation. Counsel is required to be diligent in responding to pleadings or motions in his cases and plaintiff's counsel should certainly have arranged for someone else in his office to "cover" for him during his vacation. The court notes that the motion itself was not filed until two weeks after notice was sent to plaintiff's attorney and the judgment of non pros was not entered until 42 days after entry of the interlocutory order. Plaintiff had some ten months in which to answer Pa. Nat'l's interrogatories which is 15 times the amount granted to him under the rules. See Walters v. Harleysville Mutual Casualty Co., 417 Pa. 438, 207 A. 2d 852 (1965).

Finally, plaintiff claims that it was not required to answer Pa. Nat'l's interrogatories because of a letter which he received from its attorney, Walter Timby, Jr., on June 17, 1976, stating that he intended to withdraw and be replaced by new counsel. This claim is patently erroneous. First, any withdrawal by Mr. Timby would in no way vitiate plaintiff's obligation to answer his client's interrogatories. Secondly, any belief which plaintiff's counsel may have had to this effect could not withstand the two letters sent to him by Mr. Timby in July which specifically requested that his interrogatories be answered.

If Rule 4005(d) is to be effective in compelling the answering of interrogatories, the court must not prevent the application of its sanctions without proper justification. Plaintiff has failed to provide this court with any reasonable explanation for its failure to answer Pa. Nat'l's interrogatories. Plain-

tiff was duly served with defendant's notice to file under Rule 4005(d), and is bound by its provisions. Its motion to vacate must therefore be denied.