## Reed v. Loblaws, Inc.

*Joseph J. May,* for plaintiffs.
*Roger H. Taft,* for defendant.

ANTHONY, *J.,* October 2, 1980—Defendant, a supermarket chain commonly known as "Loblaws," has filed a petition to open and/or strike a default judgment. Plaintiffs filed the complaint in trespass on May 22, 1978, alleging that Mrs. Reed sustained injuries as a result of a fall at a Loblaws store. Service was made at defendant's Erie offices on May 25. A default judgment was entered, and notice thereof sent to defendant on June 26, 1978. The first action of record by defendant was the filing of an appearance by defense counsel on June 21, 1979, such appearance apparently resulting from plaintiffs' letter to defendant seeking a status conference in order to assess damages on the judgment. Four months later, on October 26, 1979, Loblaws filed the pending petition. Pursuant to Pa.R.C.P. 209, the depositions of certain Loblaws personnel have been taken.

The alternative forms of relief sought by defendant are predicated upon its assertion that Loblaws' legal department never received notice of the suit until they received the abovementioned letter,

nearly one year after the entry of judgment. Defendant argues that the failure of notice may be attributed to three factors, namely: that "Loblaws" is not defendant's true corporate name, that proper service was never effected, and that various papers relating to the suit were lost in inter-office mail.

Before reviewing the above allegations in depth with regard to the petition to open, we shall address defendant's petition to strike. In refusing to grant this relief, we need note only that a judgment will not be stricken off unless fatal defects appear on the face of the record: Malakoff v. Zambar, Inc., 446 Pa. 503, 288 A. 2d 819 (1972). The record in this case bears no indication of improper service. It is only by virtue of the deposition testimony that evidence of possible defects in service are brought to the attention of the court. Such evidence is not properly before the court on a motion to strike: Linett v. Linett, 434 Pa. 441, 254 A. 2d 7 (1969). The proper remedy in such a case is a motion to open the judgment: McCauley Estate, 478 Pa. 83, 385 A. 2d 1324 (1978). Accordingly, the petition to strike is denied.

Unlike the petition to strike, defendant's petition to open is addressed to the equity side of the court. Thus, defendant must establish the existence of equitable considerations which indicate that justice will best be served by opening the judgment: Carrier v. William Penn Broadcasting Co., 426 Pa. 427, 233 A. 2d 519 (1967). A familiar three part test is employed by courts in order to determine if the petitioner should be granted relief: (1) a reasonable excuse must be given for the failure to respond to the complaint; (2) the petition must be filed promptly; and (3) the petitioner must present a meritorious defense: Sprouse v. V.F.W. Post 7155, 237 Pa. Superior Ct. 419, 421, 352 A. 2d 134, 135

(1975). Loblaws is excused from the final requirement in this case, since a meritorious defense need not be presented in order to open a judgment in a trespass action if the equities are otherwise clear: Kraynick v. Hertz, 443 Pa. 105, 277 A. 2d 144 (1971).

Thus, we first turn to defendant's excuses for failing to respond to the complaint. As already mentioned, defendant asserts that "Loblaws, Inc.," the name in the caption to this suit, does not exist. The organization doing retail food business at the time of the accident in January, 1977, was "Loblaw, Inc." (no "s") which merged with its parent company, National Food Distributors, Inc., on May 21, 1977, a year before the institution of this suit. The retail food operator is now "Loblaw Division" of the "Peter J. Schmitt Co., Inc." The present "Loblaw, Inc." is merely a corporate shell preserving the name "Loblaw" alone. Defendant, however, does not argue any prejudice as a result of this misnomer, and nowhere does it suggest that the delays involved resulted from the corporate reorganization described. Since no prejudice has been averred and none discovered, this objection is without merit.

Defendant also asserts that the failure to answer is a result of the fact that service of process was not made in compliance with Pa.R.C.P. 2180(a)(2). The rule is as follows:

"(a) Service of process within the county in which the action was commenced shall be made upon a corporation or similar entity by the sheriff of that county by handing an attested or certified copy of the process, as prescribed by Rule 1008. . . . (2) to an agent or person for the time being in charge of, and only at, any office or usual place of business of the corporation or similar entity. . . ."

The sheriff's return indicates that service was made at Loblaw's Erie offices upon "Debbie Rinn, Sec. to Gen. Mgr." Defendant argues that service upon Mrs. Rinn was defective since higher ranking employes were in the office at the time of service. While it does appear that Mrs. Rinn was not "in charge" for purposes of the Loblaw corporate structure chart, we find that service upon her complied with Rule 2180(a)(2).

The deposition testimony indicates that Mrs. Rinn was usually called up by the receptionist when the sheriff arrived at the office to serve process upon Loblaws. Mrs. Rinn testified that she would accept service and send it immediately to the legal department in Buffalo. Only rarely would her supervisors even see any legal papers. It is therefore clear that Mrs. Rinn was the person "in charge" of the office for the purpose of the acceptance of service.* Her supervisors clearly delegated this authority to her and defendant cannot now attack service on the grounds that, for corporate purposes, Mrs. Rinn was not "in charge" of the office.

The purpose of Rule 2180 is to assure that service on a corporation be made upon a person who is "sufficiently representative of the defendant so that notice to him of the pendency of the action will be reasonably certain to be brought to the attention of the defendant." Searles v. Breiner, 40 Northamp. 211, 214, aff'd per curiam, 443 Pa. 557, 277 A. 2d 355 (1971) (citing 7 Goodrich-Amram 2d §2180(a):(2)). Here, defendant Loblaws selected Mrs. Rinn to be the person "in charge" of bringing

*According to the Erie County dockets, Loblaws has been served at their present office on five other occasions. Mrs. Rinn accepted service on three of these occasions, two being prior to service in the instant case, and one being subsequent thereto.

the pendency of a lawsuit to the attention of their legal department. We will not permit a corporate defendant to evade service by merely appointing an employe not "in charge" of office operations to take service whenever the occasion arises. Thus, we find that service was proper. Additionally, we note that defendant has not averred that service on Mrs. Rinn was the cause of their failure to receive notice.

The only reason to which defendant *actually* attributes the failure to respond, then, is that the complaint must have been lost in inter-office mails. The deposition testimony of Mrs. Rinn indicates that mail sent through the office mail system was lost with greater frequency than mail sent via the U.S. Postal Service. Defendant's reliance on a system known to be faulty further balances the equities in favor of plaintiffs.

The proffered explanation of a failure to forward documents was specifically rejected in MacClain v. Penn Fruit, Inc., 241 Pa. Superior Ct. 303, 361 A. 2d 403 (1976), where the trial court was reversed and an abuse of discretion found when a judgment was opened on these grounds:

"Appellees assert in this appeal that the decision to open the judgment in the court below did not rest on a claim of failure of service or improper service, but rather on an alleged 'mix-up' . . . [of] 'technical oversight' resulting in failure to forward the suit papers to appellee's corporate headquarters. No further explanation appears in the record for appellee's failure to answer the complaint.

"'It is well-established that the moving party, in order to gain relief from a default judgment, is required to reasonably explain, excuse or justify his failure to appear or answer. [Citations omitted.] A mere allegation of negligence or mistake will not, by itself, satisfy this requirement; the moving party

must advance in argument a factual basis to support his plea for relief. [Citations omitted.]. Barron v. William Penn Realty Co.,' [239 Pa. Superior Ct. 215, 218-19, 361 A. 2d 805 (1976)].

"Appellee's nebulous assertion of mistake or inadvertence in failing to answer the complaint falls markedly short of the standard set in Barron, supra, and numerous other cases. We find that the lower court abused its discretion in opening the default judgment." MacClain v. Penn Fruit, Inc., 241 Pa. Superior Ct. at 306-07, 361 A. 2d at 404-05.

The difference between MacClain, where the failure to forward the complaint was the source of the excuse, and the instant case, where the complaint was seemingly lost in inter-company mail, is unimportant. While the depositions point out the circumstances of the excuse, they do not make it more palatable or less a "nebulous assertion of mistake or inadvertance." Further, this situation is unlike many cases of excusable neglect because the defendant relied entirely upon its own employes who failed to act with diligence. The errors are entirely its own and cannot be ignored.

We therefore find that defendant has not established a reasonable excuse for its failure to respond to the complaint.

Even if one of the above excuses were found by the court to constitute a "reasonable excuse," defendant would still have to establish that the petition had been filed promptly. This means that the court would have to excuse the filing of the petition 16 months after entry of judgment. Defendant attempts to explain away this period by alleging that notice of judgment was lost in the same inter-office mail system that resulted in loss of the complaint. Notice was finally received one year after judgment in the form of the letter seeking a status con-

ference. Four more months passed before the petition was filed. We have already determined that the flaws in the defendant's mail system are not sufficient grounds for the opening of a default judgment. Thus, the petition was not filed in a timely manner.

Even if we were to excuse the one year period prior to the entry of the appearance, defendant would still have to show that the additional four month delay should be excused. The only explanation for this period is the bare assertion that the four months were used for "investigation" of the suit. No further explanation as to the content of the investigation is given. We find, then, that even this four month delay, without further testimony does not permit us to hold that the petition was filed promptly.

To summarize, defendant has not provided the court with a reasonable excuse for its failure to respond to the complaint. In addition, defendant failed to file the petition promptly. The petition to open is denied.

## ORDER

And now, October 2, 1980, it is ordered and decreed that defendant's petition to open and/or strike is denied.