460 A.2d 773

**Ruth BROWN**

v.

**The GREAT ATLANTIC & PACIFIC TEA COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 6, 1983.

Filed April 29, 1983.

Charles W. Craven, Philadelphia, for appellant.

Stephen T. Shaffer, Philadelphia, for appellee.

Before SPAETH, BECK and JOHNSON, JJ.

SPAETH, Judge:

This is an appeal from an order denying a petition to open or strike a default judgment. On May 20, 1981, appellee filed a complaint in trespass against appellant seeking damages for injuries that she allegedly sustained when she fell at one of appellant's stores on September 22, 1980. On July 14, 1981, the lower court entered a default judgment against appellant. The record discloses that appellant did not receive notice of the pendency of the action prior to the entry of the default judgment, and also, that neither it nor its insurance carrier received the notice prescribed by Pa.R. Civ.P. 237.1 of appellee's intention to enter the default judgment. In these circumstances it was an abuse of discretion to deny the petition to open the default judgment. We therefore reverse.

■ In order to prevail on a petition to open a default judgment entered in a trespass action, the petitioner must file the petition promptly, and must offer a reasonable explanation for the failure to defend the action. *Balk v. Ford Motor Company,* 446 Pa. 137, 285 A.2d 128 (1971); *Kraynick v. Hertz,* 443 Pa. 105, 277 A.2d 144 (1971); *Brooks v. Surman Dental Lab, Inc.,* 262 Pa.Super. 369, 396 A.2d 799 (1979). Appellee concedes that the petition was filed promptly. Brief for Appellee at 6. Given that we will reverse a denial of a petition to open judgment only upon a showing that the lower court abused its discretion, *see, e.g., Forest Hills Transfer & Storage Co. v. Beaver Valley Builders,* 271 Pa.Super. 566, 414 A.2d 628 (1978); *Shainline v. Alberti Builders, Inc.,* 266 Pa.Super. 129, 403 A.2d 577 (1979), the only question before us is whether in holding that appellant did not offer a reasonable explanation of its failure to defend the action, the lower court abused its discretion.

–1–

■ The lower court made no findings of fact as to whether appellant had received either the complaint or the notice of appellee's intention to enter a default judgment.

Without these facts, however, the court could not decide whether appellant had offered a reasonable explanation for its failure to defend the action. It was therefore the lower court's responsibility to make findings.

In other circumstances we might remand for findings, but here remand would be an empty gesture; if on remand the lower court were to find that appellant had received the complaint or the notice, we should set aside the findings because, as will appear from our ensuing discussion, the findings would not be supported by the record. *See, e.g., Lawner v. Engelbach*, 433 Pa. 311, 249 A.2d 295 (1969). *See generally Thompson v. Equitable Life Assurance Society*, 447 Pa. 271, 276, 290 A.2d 422, 424 (1972) (Appellate court may make its own findings of fact where "record is clear"); *Innes v. Nanticoke City School District*, 342 Pa. 433, 20 A.2d 225 (1941) (same).

–2–

The lower court found that the complaint was served on Vincent Char, the manager of appellant's store at Wayne and Chelten Avenue, Slip op. at 3, but held in effect that it was irrelevant to the propriety of the default judgment whether the complaint had been received at appellant's corporate headquarters. Said the court: "Defendant averred that neither it nor its adjusters had any knowledge or information with respect to service of the complaint. [Footnote:] This allegation does not make much sense, since the complaint was admittedly duly served on the defendant." Slip op. at 1.

The difficulty with this reasoning is that it does not follow from the fact that the complaint was "duly served" on an employee of appellant, that appellant received actual notice that a suit was pending against it. The absence of actual notice that a complaint has been filed may be sufficient to require an order opening a judgment. In *Campbell v. Heilman Homes, Inc.*, 233 Pa.Super. 366, 335 A.2d 371 (1975) (*en banc* ), we reversed an order denying a petition to open a default judgment on the ground that the inadvertence of one of the petitioner's employees had prevented

actual notice of the suit from being received at the petitioner's corporate headquarters. The sequence of events was as follows. After purchasing a mobile home from Heilman Homes, Inc., Wilbur and Clara Campbell brought suit against Heilman on the ground that the home was defective. The complaint was served on one of Heilman's lot managers, Delbert Marvin, who failed to follow the standard procedure of forwarding all important papers to corporate headquarters. Before Marvin's replacement forwarded the complaint to Heilman's headquarters, a default judgment was entered against Heilman. In reversing the lower court's order denying Heilman's petition to open the judgment, we reasoned as follows:

This is not a case wherein failure to answer was a planned tactical decision. *See Myers v. Mooney Aircraft, Inc.*, 429 Pa. 177, 240 A.2d 505 (1967); *Kanai v. Sowa*, 109 Pa.Super. 426, 167 A. 429 (1933). This is rather a case dealing with an unintentional omission to act. Our court has held that where failure to answer was due to an oversight, an unintentional omission to act, or a mistake of the rights and duties of the appellant, the default judgment may be opened. *Samuel Jacobs Distributors, Inc. v. Conditioned Air, Inc.*, 223 Pa.Super. 466, 301 A.2d 907 (1973). See *Balk v. Ford Motor Company*, 446 Pa. 137, 285 A.2d 128 (1971); *Fox v. Mellon*, 438 Pa. 364, 264 A.2d 623 (1970).

The failure of appellant to respond to the complaint was occasioned by the inattentiveness of its employee. While we may not be in agreement with appellant's method of insuring that important papers reach their corporate appointed destination, we will not saddle it with a default judgment in this case. The mistake in the present case is not unlike a clerical error, which has been held to constitute sufficient legal justification to open a default judgment. *Johnson v. Yellow Cab Company of Philadelphia*, 226 Pa.Super. 270, 307 A.2d 423 (1973). 233 Pa.Super. at 370, 335 A.2d at 373.

The events that led up to appellant's failure to receive the complaint are distinguishable from those involved in *Campbell* only in that appellant's employee, Char, was, according to his testimony, less inattentive than the employee upon whom the complaint was served in *Campbell*. Char, apparently unlike Marvin, attempted to forward the complaint to his employer's headquarters. He testified without contradiction that he addressed the complaint to Jim Varian, who was "in charge of the whole Personnel Department," by means of "int[ra] company mail," *i.e.*, by putting the complaint in a large sealed bag that was then placed in a locked box, outside the store, from which Purolator pick-ups were made. Deposition of Char at 5–7. Thus, appellant presents a stronger argument for reversal than that which was held sufficient in *Campbell*.

Appellee argues that *McClain v. Penn Fruit, Inc.*, 241 Pa.Super. 303, 361 A.2d 403 (1976), requires us to hold in its favor, but *McClain* is a different case from this one. In *McClain* the store manager—who was the same Vincent Char as is involved here—denied ever being served with the complaint. The sheriff's return, however, showed that he had been served. We held that "the fact of service [was therefore] unassailable," and that the petitioner's mere allegation of a " 'mixup' or 'technical oversight' ... with [n]o further explanation" was insufficient to support the order opening the judgment. *Id.*, 241 Pa.Superior at 306, 361 A.2d at 404. Here, appellant did not merely allege a mix-up, and give no further explanation. Instead it proved facts showing that despite being forwarded to corporate headquarters, the complaint was never received. Appellant introduced uncontradicted testimony that if the complaint had been received at appellant's headquarters in King of Prussia, it would have been routed to Daniel J. Boyle, Personnel Administrator; that Boyle did not recall seeing the complaint, but he had searched his files and those of the Customer Relations Department, "where it could conceivably have ended up," for a copy of the complaint, to no avail. Deposition of Boyle at 15. It is of course true that appel-

lant did not directly prove why the complaint was never received, but the circumstantial proof—the inference from the direct proof—is that the delivery service lost it. If the delivery service were operated by appellant's own employees, it might be said that the loss was appellant's fault. However, it appears that the service was an independent carrier, which, after picking up mail, took it to its own "depot or headquarters, and from there it is then redistributed to A & P, and the proper stores, offices, et cetera." Deposition of Boyle at 13.

–3–

One further aspect of the case must be discussed, for it is important to our conclusion that in refusing to grant the petition to open judgment, the lower court abused its discretion. Rule 237.1(a) provides:

**Rule 237.1 Notice of Praecipe for Entry of Default Judgment**

(a) No judgment by default shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered to the party against whom judgment is to be entered and to his attorney of record, if any, after the default occurred and at least ten days prior to the date of the filing of the praecipe. If a written agreement for an extension of time specifies a time within which the required action must be taken and a default occurs thereafter, judgment by default may be entered by the prothonotary without prior notice under this rule. A copy of the notice or agreement shall be attached to the praecipe.

The record shows, however, that appellant never received any notice of appellee's intention to enter default judgment, and that this fact was not appellant's but appellee's fault.

Appellant's address is stated on the complaint as being "30th & Market Streets" in Philadelphia. The docket entries show that the complaint was filed on May 20, 1981. By that date, appellant had not been at 30th & Market Streets for a year; it had moved its headquarters to King of

Prussia, in Montgomery County, in May 1980. Deposition of Boyle at 9, 13. When the complaint was filed, counsel for appellee by letter dated May 20, 1981, wrote the deputy sheriff, instructing him to "transfer the Complaint in Trespass in the above matter to the district where it can be served upon the Defendant," adding in a postscript: "Please serve at: A & P, Wayne & Chelten Avenue, Phila., Penna." This letter at least indicates that appellee's attorney knew that appellant had moved away from 30th and Market Streets; for if appellee's attorney had thought that appellant was still at 30th and Market Streets, the address indicated on the complaint, there would have been no reason to make these requests. However, when the notice of intention to enter a default judgment was sent—according to counsel's secretary, on June 30, 1981—the secretary sent it, neither to appellant's headquarters at King of Prussia, nor to its store at Wayne & Chelten, but to 30th and Market Streets. Deposition of Palange at 3–4. As a result, appellant never received the notice. Because it had moved from 30th & Market Streets more than a year ago, the Post Office had stopped forwarding appellant's mail on a regular basis, although it did, at irregular intervals of four, six, or even eight weeks, forward such mail as had accumulated. Deposition of Boyle at 9, 16–17. Boyle testified without contradiction that had the notice been received, it would have been routed to him, but that he had not received it, and that it was not to be found in his files or those of the Customer Relations Department. Deposition of Boyle at 10–11; 13; 15. Thus, as of Boyle's deposition, in October 1981, the notice had never been received. *Id.* at 13.

■ The purpose of Rule 237.1 is to assure that default judgment is not entered without prior notice to the defendant. *See Explanatory Note,* (citing *Brooks v. Surman Dental Lab, Inc., supra,* (Absence of notice of intention to enter a default judgment justifies opening judgment); *Silverman v. Polis,* 230 Pa.Super. 366, 326 A.2d 452 (1974) (same)). *See also Moyer v. Americana Mobile Homes, Inc.,* 244 Pa.Super. 441, 368 A.2d 802 (1976) (same). Since

cases opening a default judgment because the complaint was never received advance the same purpose, they are instructive in construing and applying the Rule.

In *Minetola v. Samacicio*, 399 Pa. 351, 160 A.2d 546 (1960), the Supreme Court affirmed an order discharging a rule to show cause why the judgment in an equity action should not be opened on the ground that the petitioner had failed to establish a valid defense on the merits.[1] The Court was careful to note, however, that the fact that the petitioner had not been a resident at the home of her parents where service was made for four months before the date of service "would tend to establish 'equitable considerations which impress this Court with the need for relief,' even though the testimony was weak and inconsistent as to the time when defendant received notice of complaint. [footnote omitted]." *Id.*, 399 Pa. at 354, 160 A.2d at 547. We followed this reasoning in *Quatrochi v. Gaiters*, 251 Pa.Super. 115, 380 A.2d 404 (1977), on similar facts. In *Quatrochi*, appellee had forwarded notice of the complaint to an address at which appellant no longer lived, despite actual knowledge that appellee had moved from that address. We stated that where the defendant "never received service of process and did not know that a lawsuit had commenced," a "reasonable explanation for his failure to respond" was shown. *Id.*, 251 Pa.Superior at 121–22, 380 A.2d at 407.

Appellant has provided a stronger argument for opening the judgment on the ground that the notice was mailed to the wrong address than that which the Court found persuasive in *Minetola*. First, appellant had moved from the address where the notice was mailed over a year prior to the mailing, whereas the petitioner in *Minetola* had only moved four months prior to service. Next, when sent to the wrong address, appellant's mail was routed to the Post Office, which by then had stopped forwarding mail on a regular basis. And finally, appellant's testimony was not

1. An order opening a default judgment in a trespass action need not rest upon a showing that the petitioner has a valid defense on the merits. *See, e.g., Balk v. Ford Motor Co., supra; Kraynick v. Hertz, supra; Brooks v. Surman Dental Lab, Inc., supra.*

"weak and inconsistent as to the time when [it] received notice of the complaint," but was clear and uncontradicted.

–4–

■ A petition to open a default judgment is an appeal to the court's equitable powers. *Balk v. Ford Motor Co., supra; Brooks v. Surman Dental Lab, Inc., supra.* In determining whether the lower court abused its discretion in denying appellant's petition to open a default judgment, we examine all of the facts.

Even if we discredit Char's testimony and assume that he failed to follow the standard procedure for forwarding mail to appellant's headquarters, the remaining fact that the complaint was not received at appellant's headquarters weighs in appellant's favor. *See Campbell v. Heilman Homes, Inc., supra.*

In addition, appellee's attorney's failure to send the notice of intent to enter a default judgment[2] either to the store where the complaint had been served or to appellant's more-than-a-year-old address in King of Prussia, weighs in appellant's favor. *See Minetola v. Samacicio, supra; Quatrochi v. Gaiters, supra.*

■ When we examine the entire case, we are satisfied that appellant has offered a reasonable explanation for its failure to defend, and that in refusing to accept that explanation, the lower court abused its discretion.

Reversed.

JOHNSON, J., files a concurring statement.

JOHNSON, Judge, concurring:

I would reverse the order denying appellant's petition to open or strike the default judgment solely on the basis that notice of entry of the default judgment, pursuant to Pa.R. C.P. 237.1 was improper. The evidence indicates that plaintiff mailed the said notice to the incorrect address, which

**2.** We do not reach the question whether appellee fulfilled the requirement of Rule 237.1 in mailing notice of her intent to enter a default judgment to appellant's prior address.

plaintiff knew was incorrect and which notice was not timely received by appellant.