J-A02024-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| LAWRENCE L. MCINTIRE, II AND BETH ANNE MCINTIRE | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT ALBRO D/B/A C&A AUTO SALES AND MICHAEL D. BROOKS D/B/A BROOKS AUTO REPAIR | : | |
| | : | |
| APPEAL OF: ROBERT ALBRO D/B/A C&A AUTO SALES | : | No. 1151 MDA 2023 |

Appeal from the Order Entered July 12, 2023
In the Court of Common Pleas of Centre County
Civil Division at No(s): 2021-1833

BEFORE: NICHOLS, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY KING, J.: **FILED: MAY 6, 2024**

Appellant, Robert Albro d/b/a C&A Auto Sales, appeals from the order entered in the Centre County Court of Common Pleas, which denied his petition to open default judgments entered in favor of Appellees, Lawrence L. McIntire, II and Beth Anne McIntire ("the McIntires") and Michael Brooks d/b/a Brooks Auto Repair. We affirm.

The relevant facts and procedural history of this appeal are as follows:

> This action arises from a transaction in which [the McIntires] purchased a used 2008 Jeep Wrangler ("vehicle") from C&A Auto Sales on or about April 26, 2021. A discrepancy existed between the vehicle's odometer reading recorded at the time of sale and the reading recorded at the time of

inspection by Mr. Brooks.[1]  Following the purchase, the vehicle experienced numerous nonconformities and defects which [the McIntires] alleged substantially affected the use, value, and safety of the vehicle.  Among these nonconformities and defects was complete failure of the front differential.  Following an incident wherein [the McIntires] had to pull off of the interstate and have the vehicle towed, a third-party mechanic discovered metal shavings in the front differential, necessitating its replacement.  The vehicle's brakes were also severely rusted.  The third-party mechanic thus informed [the McIntires] the vehicle should not have passed state inspection.  The vehicle was rendered inoperable, and [the McIntires] alleged, *inter alia*, [Appellant] and Mr. Brooks deliberately concealed the nature of the vehicle's nonconformities and defects, ultimately resulting in financial damage to [the McIntires].

[The McIntires] filed a complaint on August 9, 2021, sounding in violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), violation of the Automotive Industry Trade Practices Regulations ("Auto Act") and UTPCPL, and fraud as to both [Appellant] and Mr. Brooks as well as breach of contract and unjust enrichment as to [Appellant].  This complaint was served on [Appellant] at the Centre County Sheriff's Office on August 26, 2021.  On November 1, 2021, Mr. Brooks filed an answer, new matter and crossclaim against [Appellant].  [The McIntires] filed a response to Mr. Brooks' new matter on November 24, 2021.  Mr. Brooks filed a sole preliminary objection to [the McIntires'] response to his new matter on December 3, 2021, for lack of verification….  [The McIntires] thereafter filed a *praecipe* to substitute verification to their response, which included a proper verification, on January 5, 2022.  A seemingly identical *praecipe* was filed on January 7, 2022.  On February 23, 2022, [the McIntires] filed a motion to compel [Appellant's] responses to [the McIntires'] interrogatories and requests for production.  [The] court

---

[1] The complaint alleged that Mr. Brooks inspected the vehicle in December 2020, at which time the vehicle's odometer read 132,911 miles.  (**See** Complaint, filed 8/9/21, at 4).  At the time of sale, however, Appellant "recorded the vehicle's odometer as 132,693 miles."  (**Id.**)

entered an order compelling [Appellant] to respond to said interrogatories and requests for production on February 28, 2022.

On March 4, 2022, default judgment was entered against [Appellant] in favor of Mr. Brooks for want of an answer to Mr. Brooks' crossclaim. On April 4, 2022, [the McIntires] filed a motion for sanctions against [Appellant] for failure to comply with [the] court's February 28, 2022, order compelling him to respond to [the McIntires'] discovery requests. Pursuant to that motion, [the] court entered an order imposing sanctions in the amount of $1,000 on June 8, 2022. On September 19, 2022, default judgment was entered against [Appellant] in favor of [the McIntires] for want of an answer to [the McIntires'] complaint. A writ of execution pursuant to this judgment was entered on November 3, 2022. On December 2, 2022, Garnishee Citizens Bank ("Garnishee") submitted answers to interrogatories served on them by [the McIntires] incident to the writ of execution and then amended answers, reflecting a $1,824.77 balance in [Appellant's] checking account, on January 9, 2023. On February 3, 2023, judgment was entered against Garnishee in favor of [the McIntires] in that amount, $1,824.77.

[Appellant] filed the instant petition to open default judgments, along with a proposed answer and new matter, on March 6, 2023. Therein, he [sought] to have both default judgments entered against him opened. [Appellant] assert[ed] he had no knowledge of this action against him until his landlord provided him with notice of the default judgment in favor of Mr. Brooks, which was found in the landlord's mailbox, in late October of 2022. [Appellant] represent[ed] he never received the complaint initiating this matter and, further, never received notice of either default judgment. Upon learning of the entry of default judgment against him, [Appellant] consulted with several attorneys before retaining the services of his current counsel on January 9, 2023, and allege[d] the delay in responding since October 2022 was incident to his difficulty in finding counsel. [Appellant] also argue[d] he has a meritorious defense. … A hearing was held on June 12, 2023.

(Trial Court Opinion, filed 7/12/23, at 2-4) (some capitalization omitted).

By order and opinion entered July 12, 2023, the court denied Appellant's petition to open the default judgments. In its opinion, the court emphasized that Appellant failed to file his petition to open the default judgments in a prompt manner. Appellant timely filed a notice of appeal on August 11, 2023. On August 15, 2023, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant timely filed his Rule 1925(b) statement on August 28, 2023.

Appellant now raises two issues for our review.

> Did the trial court commit an abuse of discretion when it held that Appellant had not presented sufficient excuse for his delay in responding to the complaint despite his testimony that he did not learn of the lawsuit until after the default judgments were entered?
>
> Did the trial court commit an abuse of discretion when it held that Appellant's petition to open default judgment was untimely where Appellant testified he had difficult[y] securing legal counsel?

(Appellant's Brief at 4).

"A petition to open a default judgment is an appeal to the equitable powers of the court." *Smith v. Morrell Beer Distributors, Inc.*, 29 A.3d 23, 25 (Pa.Super. 2011) (quoting *Dumoff v. Spencer*, 754 A.2d 1280, 1282 (Pa.Super. 2000)). "The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision absent a manifest abuse of discretion or error of law." *Id.*

In his first issue, Appellant challenges the propriety of the service of the

- 4 -

McIntires' original complaint. Appellant acknowledges that the record includes the return of service indicating that a sheriff handed him the complaint at the Centre County Sheriff's Office on August 26, 2021. Appellant insists, however, that he never went to the sheriff's office. Instead, Appellant emphasizes his testimony from the evidentiary hearing, where he claimed that his father, also named Robert Albro, went to the sheriff's office, picked up the complaint, and did not tell Appellant about the filing. Appellant complains that the trial court "did not address" this testimony and simply relied on the return of service to conclude that service was proper. (Appellant's Brief at 14).

Relying on **Hollinger v. Hollinger**, 416 Pa. 473, 206 A.2d 1 (1965) and **Anzalone v. Vormack**, 718 A.2d 1246 (Pa.Super. 1998), Appellant argues that "the conclusiveness of a return does not extend to facts of which the Sheriff does not have personal knowledge. … The question of who was served, the identity of the person, is not in the Sheriff's personal knowledge." (Appellant's Brief at 13) (internal quotation marks omitted). As such, Appellant contends his testimony from the hearing was sufficient to strip the return of service of any conclusive effect. Because Appellees did not offer any evidence to contradict Appellant's testimony, Appellant opines that service of the complaint was improper and the court lacked personal jurisdiction over him. On this basis alone, Appellant concludes that the court should have granted his petition to open the default judgments. We disagree.

"[W]here the party seeking to open a judgment asserts that service was

improper, a court must address this issue first before considering any other factors." ***Digital Communications Warehouse, Inc. v. Allen Investments, LLC***, 223 A.3d 278, 288 (Pa.Super. 2019) (quoting ***Cintas Corp. v. Lee's Cleaning Services, Inc.***, 549 Pa. 84, 94, 700 A.2d 915, 919 (1997)). "The absence of personal jurisdiction will require the opening of a judgment." ***Sharpe v. McQuiller***, 206 A.3d 1179, 1185 (Pa.Super. 2019).

"Service of process is a mechanism by which a court obtains jurisdiction of a defendant, and therefore, the rules concerning service of process must be strictly followed." ***Cintas Corp., supra*** at 91, 700 A.2d at 917.

> Without valid service, a court lacks personal jurisdiction of a defendant and is powerless to enter judgment against him or her. Thus, improper service is not merely a procedural defect that can be ignored when a defendant subsequently learns of the action against him or her. However, the absence of or a defect in a return of service does not necessarily divest a court of jurisdiction of a defendant who was properly served. [T]he fact of service is the important thing in determining jurisdiction and ... proof of service may be defective or even lacking, but if the fact of service is established jurisdiction cannot be questioned.

***Id.*** at 91, 700 A.2d at 917-18 (internal citations and quotations omitted).

Pennsylvania Rule of Civil Procedure 402 provides that original process may be served "by handing a copy to the defendant[.]" Pa.R.C.P. 402(a)(1). Further, Pennsylvania Rule of Civil Procedure 405 provides:

### Rule 405.  Return of Service

(a)   When service of original process has been made the sheriff or other person making service shall make a return of service forthwith.  If service has not been made and the writ has not been reissued or the complaint

reinstated, a return of no service shall be made upon the expiration of the period allowed for service.

*   *   *

(b)   A return of service shall set forth the date, time, place and manner of service, the identity of the person served and any other facts necessary for the court to determine whether proper service has been made.

Pa.R.C.P. 405(a), (b).

"A claim of false return of service is not grounds for setting aside a judgment because it is long established that absent a showing of fraud, a [s]heriff's return, true and regular on its face, is conclusive as to service of individuals present in Pennsylvania." *MacClain v. Penn Fruit, Inc.*, 361 A.2d 403, 404 (Pa.Super. 1976) (internal quotation marks omitted).  "[A] sheriff's return which is complete on its face is conclusive and immune from extrinsic attack as to facts of which the sheriff presumptively has personal knowledge." *American Exp. Co. v. Burgis*, 476 A.2d 944, 949 (Pa.Super. 1984). Nevertheless,

> The rule of conclusiveness of a return of service of process is based upon the presumption that a sheriff, acting in the course of his official duties, acts with propriety and, therefore, when the sheriff in the course of such official duties makes a statement, by way of an official return, such statement is given conclusive effect.  However, both logic and common sense restrict the conclusive nature of a sheriff's return only to facts stated in the return of which the sheriff presumptively has personal knowledge, such as when and where the writ was served; when, in his official return, the sheriff states that he served a writ at a certain time and at a certain place, such facts are known to the sheriff personally and should be given conclusive effect.  However, the immutability of a return should not extend (a) to facts

- 7 -

stated in the return of which the sheriff cannot be expected to have personal knowledge and which are based upon information obtained through hearsay or statements made by third persons or (b) to conclusions based upon facts known to the sheriff only through statements made by others. When a sheriff's return states that a certain place is the residence or dwelling house of the defendant, such statement is not of a matter ordinarily within the personal knowledge of the sheriff but only a statement based upon that which he has been told by other persons, *i.e.*, he had been instructed by a third person to make service at a certain place which he is told is the residence or dwelling house of the defendant. No sound reason exists for giving a conclusive effect to a statement in the sheriff's return as to a fact or conclusion which arises not from the sheriff's own personal knowledge or observation but from information given him by other persons.

**Hollinger, supra** at 477-78, 206 A.2d at 3 (emphasis omitted). **See also**

**Anzalone, supra** at 1249 (stating: "[W]ith regard to the status of the person to whom service was made being a 'girlfriend' named 'Stacy Fuller' and the defendant's address being '15 Sunnyhill Drive, Beaver Falls, PA,' these are matters which the constable presumptively had no personal knowledge but learned via third party disclosure. As such, the defendant was not precluded from attacking such representations").

Instantly, the record includes a sheriff's return of service. The return indicates:

> 08/26/21 02:49 PM - Clerk Rondia M Schenck, being duly sworn according to law, deposes and says, the complaint in civil action (CICA) was served upon Robert Albro d/b/a Auto Sales at Centre County Sheriffs Office, 213 E High St, Bellefonte, PA 16823 by handing a true and attested copy to the defendant and made known the contents thereof.

(Return of Service, filed 8/31/21, at 1) (some capitalization omitted). The

return of service was singed and notarized by Ms. Schenck. Thus, the sheriff's return was complete on its face. *See* Pa.R.C.P. 405.

Regarding Appellant's attack on the accuracy of the return of service, the court conducted an evidentiary hearing. At that time, Appellant expressly denied going to the sheriff's office and receiving a copy of the McIntires' complaint on August 26, 2021. (*See* N.T. Hearing, 6/12/23, at 5). On cross-examination, Appellant advanced his theory that his father had received the complaint:

> I'm at auctions four days out of the week. So the best of my knowledge, my father, he signed [the certified mail slip confirming delivery of the McIntires' discovery requests]. He already admitted he was the one who got the—the first one from the sheriff's department. So I'm assuming he got the second one, as well, and I never received it.

(*Id.* at 20). Although Appellant claimed to speak with his father "[e]very day," Appellant insisted that his father "never mentioned" the pending litigation. (*Id.*) Appellant did not present any other witnesses to substantiate his allegations.

Contrary to Appellant's argument on appeal, the trial court addressed Appellant's testimony from the hearing. The court, however, declined to credit Appellant's self-serving allegations and concluded that his "claim of unawareness of this action is contradicted by the sheriff's return of service indicating service on one Robert Albro[.]" (Trial Court Opinion at 6). The court opted to credit the averments in the return of service instead of Appellant's testimony, and we will not re-weigh the evidence. *See Conway*

*v. Conway*, 209 A.3d 367, 371 (Pa.Super. 2019) (explaining appellate court is bound by trial court's appraisal of witness credibility; however, appellate court need not accept finding that is unsupported by evidence). Although Appellant correctly cites relevant authority for the proposition that the immutability of a return should not extend to facts of which the sheriff cannot be expected to have personal knowledge, Appellant ignores the fact that the court provided him with an opportunity to attack the reliability of the return at an evidentiary hearing. **Compare Anzalone, supra** at 1250 (Judge Orie Melvin dissenting) (opining that evidentiary hearing was warranted to provide appellant with opportunity to resolve dispute of fact concerning appellant's residence on date of service of complaint). On this record, we agree with the court's determination that service of the complaint was proper, and the court obtained jurisdiction over Appellant.[2] **See Cintas Corp., supra**. Accordingly, Appellant is not entitled to relief on his first claim.

In his second issue, Appellant maintains that he did not learn about the McIntires' lawsuit until the end of October 2022. Appellant also claims that

_____

[2] In his brief, Appellant provides two sentences of argument in an attempt to claim that Mr. Brooks also failed to provide proper service of the crossclaim. (**See** Appellant's Brief at 15-16). Because Appellant failed to develop this discrete claim with any citation to relevant authority, it is waived. **See In re Estate of Whitley**, 50 A.3d 203, 209 (Pa.Super. 2012), *appeal denied*, 620 Pa. 724, 69 A.3d 603 (2013) (reiterating that, "This Court will not consider the merits of an argument which fails to cite relevant case or statutory authority"); **Bombar v. West American Ins. Co.**, 932 A.2d 78, 93 (Pa.Super. 2007) (explaining that appellate court "will not act as counsel and will not develop arguments on behalf of an appellant").

he did not file his petition to open the default judgments until March 2023 "because of an inability to obtain legal counsel." (Appellant's Brief at 17). Appellant asserts that he initially contacted his sister, who is a lawyer, but she could not assist him because she had recently given birth. Appellant contends that he contacted two other lawyers, who did minimal work on his behalf, before securing current counsel. Despite these circumstances, Appellant argues that "he used reasonable diligence to pursue a number of leads until he was able to retain a lawyer to file the petition." (*Id.* at 18). Appellant characterizes the delay in filing the petition as "reasonable," and the delay "should not be a bar to a review of the case on the merits." (*Id.*) Under these circumstances, Appellant concludes that the trial court abused its discretion by denying his petition to open the default judgments. We disagree.

"If the petition [for relief from a default judgment] is filed within ten days after the entry of a default judgment on the docket, the court shall open the judgment if one or more of the proposed preliminary objections has merit or the proposed answer states a meritorious defense." Pa.R.C.P. 237.3(b)(2). Where a petition to open a default judgment is not filed within ten days after the entry of a default judgment, the movant must "(1) promptly file a petition to open judgment; (2) provide a meritorious defense; and (3) offer a legitimate excuse for the delay in filing a timely answer." ***Reid v. Boohar***, 856 A.2d 156, 160 (Pa.Super. 2004). "[T]he trial court cannot open a default judgment based on the 'equities' of the case when the defendant has failed to

establish all three of the required criteria." ***US Bank N.A. v. Mallory***, 982 A.2d 986, 995 (Pa.Super. 2009).

With respect to the prompt filing of a petition to open, this Court "does not employ a bright line test[.]" ***Flynn v. America West Airlines***, 742 A.2d 695, 698 (Pa.Super. 1999). Courts focus on two factors: "(1) the length of the delay between discovery of the entry of the default judgment and filing the petition to open judgment, and (2) the reason for the delay." ***Id.*** One month or less between the entry of the default judgment and the filing of a petition for relief from the judgment typically meets the requirement for a prompt filing. ***See Myers v. Wells Fargo Bank, N.A.***, 986 A.2d 171, 176 (Pa.Super. 2009). ***See also US Bank N.A., supra*** (comparing cases and finding an 82-day delay between entry of default judgment and filing of petition for relief was not prompt).

Instantly, the trial court concluded that Appellant's "failure to appear throughout the twenty-two (22) months of this litigation cannot be excused." (Trial Court Opinion at 6). The court emphasized that Appellant filed his petition to open the default judgments well beyond the one-month period after entry of the default judgments. ***See Myers, supra***. On this basis alone, the court properly denied Appellant's petition. Moreover, Appellant's purported inability to retain counsel does excuse the delay in filing the petition to open the default judgments. ***See American Exp. Co., supra*** at 950 (concluding defendant "was dilatory in seeking to insulate his rights," and expressly

disagreeing with trial court's finding that "two month period was needed [by the defendant] to become aware of the entry of default … and to allow him to secure adequate counsel"). Because Appellant did not promptly file his petition to open or provide a legitimate excuse for the delay, the court did not abuse its discretion in this case. *See Smith, supra*; *Reid, supra*. Accordingly, we affirm the order denying the petition to open the default judgments.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/6/2024