534 A.2d 819

Betty BURKETT, Appellee,

v.

ALLSTATE INSURANCE COMPANY, Appellant.

Superior Court of Pennsylvania.

Argued Sept. 2, 1987.

Filed Nov. 25, 1987.

David M. McCormick, Philadelphia, for appellant.

Peter G. Goodman, Philadelphia, for appellee.

Before CAVANAUGH, ROWLEY and MONTEMURO, JJ.

CAVANAUGH, Judge:

The issue involved in this case is whether the court below erred regarding the law or abused its discretion in refusing to open a default judgment entered in favor of the plaintiff. A civil action was commenced by Betty Burkett, the plaintiff below, who is the appellee herein, against Allstate Insurance Company, the appellant. The basis of the com-

plaint was an alleged breach of contract entered into between the appellee and the appellant concerning settlement of a case. The complaint, which was endorsed with a notice to plead, was filed on July 10, 1986 and the appellant was served on July 18, 1986. Subsequently, counsel for the appellant entered his appearance and also wrote to counsel for the appellee stating: "I note that the period within which to plead or otherwise move is about to expire and therefore respectfully request that the defendant, Allstate Insurance Company, be granted a reasonable extension of time within which to plead or otherwise move. If I do not hear from you to the contrary, I shall assume that such an extension has been granted."

On or about August 4, 1986 counsel for the appellee responded stating:

"I am in receipt of your letter dated July 24, 1986 requesting an extension of time to plead or otherwise move to plaintiff's complaint. Please be advised that I will grant an extension of time until August 18, 1986 to answer the plaintiff's Complaint. I will not grant any extensions of time to otherwise move to plaintiff's Complaint."

The appellant did not file an answer or other pleading or motion by August 18, 1986 and on August 21, 1986 the appellee filed a praecipe with the prothonotary directing the entry of judgment by default against the appellant. On September 12, 1986 the appellant filed a petition to open the judgment which was denied by the court below speaking through DiBona, Jr., J. by order of December 19, 1986. It is from this order that an appeal has been taken.

A petition to open a default judgment is addressed to the equitable powers of the court and the grant or denial of the petition is within the discretion of the court. *Provident Credit Corp. v. Young*, 300 Pa.Super. 117, 446 A.2d 257 (1982); *Schultz v. Erie Insurance Exchange*, 505 Pa. 90, 477 A.2d 471 (1984); *Autologic, Inc. v. Cristinzio Movers*, 333 Pa.Super. 173, 481 A.2d 1362 (1984). In order to grant a petition to open a default judgment, the following

factors must coalesce: (1) the petition to open must have been promptly filed; (2) a meritorious defense must be set forth and (3) there must be a reasonable explanation for failing to respond. *Levy Estate v. CNA Insurance Company,* 338 Pa.Super. 191, 487 A.2d 919 (1985); *Explo, Inc. v. Johnson and Morgan,* 295 Pa.Super. 133, 441 A.2d 384 (1982). Also, the court's refusal to open a default judgment will not be reversed unless there has been an abuse of discretion or error of law. *Maurice Goldstein Co. v. Margolin,* 285 Pa.Super. 161, 427 A.2d 162 (1980); *Schultz v. Erie Insurance Co., supra; Vision Service Plan v. Pennsylvania AFSCME Health and Welfare Fund,* 326 Pa.Super. 474, 474 A.2d 339 (1984). Accordingly, "... our scope of review on appeal from the lower court's grant or refusal to open a judgment by default is a narrow one." *Carson Pirie Scott and Co. v. Phillips,* 290 Pa.Super. 353, 356, 434 A.2d 790, 791 (1981).

■ The court below found that the appellant had promptly filed the petition to open and had set forth a meritorious defense to the action. We agree that the petition was promptly filed as it was filed approximately 22 days after the entry of the default judgment. "The law does not establish a certain number of days which constitutes a cutoff point between a prompt filing of a petition to open and one which is not timely filed." *King v. Evans,* 281 Pa.Super. 219, 224, 421 A.2d 1228, 1230 (1980). In some cases it is evident that the petition to open has been promptly filed. In *DiNenno v. Great Atlantic & Pacific Tea Company,* 245 Pa.Super. 498, 369 A.2d 738 (1976) the petition to open was filed fifteen days after the entry of a default judgment, and we held that "clearly the petition to open was promptly filed." 245 Pa.Super. at 500, 369 A.2d at 739. *See also Quaker Transit Company, Inc. v. Jack W. Blumenfeld & Company,* 277 Pa.Super. 393, 419 A.2d 1202 (1980) in which this court held that a petition to open filed fourteen days after the default judgment had been entered was timely filed. The court below properly determined that the petition to open was timely.

 Further, a meritorious defense was posited as the appellant contended that the complaint did not set forth a cause of action. The defendant must allege an arguably meritorious defense sufficient to justify relief if proven. *Alexander v. Jesray Construction Co.*, 237 Pa.Super. 99, 346 A.2d 566 (1975). *See also Provident Credit Corporation v. Young, supra.* The meritorious defense need not be proved at this state of the proceedings. *Shainline v. Alberti Builders, Inc.*, 266 Pa.Super. 129, 403 A.2d 577 (1979). However, it must be set forth in precise, specific and clear terms. *Sines v. Packer*, 316 Pa.Super. 500, 463 A.2d 475 (1983). The test of a posited meritorious defense was clearly met. The defendant contended in the petition to open that the complaint did not set forth a cause of action and specifically that no settlement agreement was reached as the appellee had refused to sign an appropriate release.

 The court below found that there was no reasonable explanation for failing to timely file a responsive pleading.[1] We disagree with this conclusion and find that the court erred in not opening the default judgment.

In determining whether there was an adequate excuse for the appellant's failure to file a responsive pleading, we must determine the applicability of Pa.R.C.P. 237.1. We have recently held that the failure of the party entering a judgment by default to comply with Pa.R.C.P. 237.1 constitutes such an excuse in connection with a petition to open a default judgment. *Rounsley v. D.C. Ventre and Sons, Inc.*, 361 Pa.Super. 253, 522 A.2d 569 (1987). For the reasons set forth below, we have concluded that the appellee did not comply with Pa.R.C.P. 237.1 which provides in pertinent part:

1. Pa.R.C.P. 1026 provides, inter alia:
 Rule 1026. Time for Filing. Notice to Plead
 (a) Except as provided by subdivision (b), every pleading subsequent to the complaint shall be filed within twenty days after service of the preceding pleading, but no pleading need be filed unless the preceding pleading contains a notice to defend or is endorsed with a notice to plead.
 Under this rule the appellant was required to file a responsive pleading to the complaint by August 7, 1986.

Rule 237.1. Notice of Praecipe for Entry of Default Judgment

(a) No judgment by default shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered to the party against whom judgment is to be entered and to his attorney of record, if any, after the default occurred and at least ten days prior to the date of the filing of the praecipe. *If a written agreement for an extension of time specifies a time within which the required action must be taken and a default occurs thereafter, judgment by default may be entered by the prothonotary without prior notice under this rule.* A copy of the notice or agreement shall be attached to the praecipe.[2] (Emphasis Added.)

**2.** Pa.R.C.P. 237.1(c) provides:

(c) The notice required by subdivision (a) shall be substantially in the following form:

(CAPTION)

To: _____

(Defendant)

Date of Notice: _____

IMPORTANT NOTICE

YOU ARE IN DEFAULT BECAUSE YOU HAVE FAILED TO TAKE ACTION REQUIRED OF YOU IN THIS CASE. UNLESS YOU ACT WITHIN TEN DAYS FROM THE DATE OF THIS NOTICE, A JUDGMENT MAY BE ENTERED AGAINST YOU WITHOUT A HEARING AND YOU MAY LOSE YOUR PROPERTY OR OTHER IMPORTANT RIGHTS. YOU SHOULD TAKE THIS NOTICE TO A LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE FOLLOWING OFFICE TO FIND OUT WHERE YOU CAN GET LEGAL HELP:

_____
(Name of Office)

_____
(Address of Office)

_____
(Telephone Number)

_____
(Signature of Plaintiff or Attorney)

_____
(Address)

Pa.R.C.P. 237.1 must be strictly construed. *Academy House Council v. Phillips*, 312 Pa.Super. 364, 458 A.2d 1002 (1983). In addition, "the rule is mandatory in nature." *N.H. Weidner, Inc. v. Berman*, 310 Pa.Super. 590, 595, 456 A.2d 1377, 1380 (1983).

The court below determined that the appellee fully complied with Rule 237.1 as a written agreement had been entered into between the parties concerning an extension of time and specifying "the time within which the required action must be taken" and a default occurred thereafter. We cannot agree with this conclusion. Our analysis discloses that no agreement was reached by counsel for the parties. The attorney for the appellant asked for a "reasonable extension of time *within which to plead or otherwise move.*" (Emphasis added.) The attorney for the appellee did not grant this request, but instead stated that he would *"grant an extension of time until August 18, 1986 to answer the plaintiff's Complaint. I will not grant any extension of time to otherwise move to plaintiff's Complaint."* (Emphasis added.) We note that the appellant's counsel sought an extension of time not merely to file an answer but "to plead or otherwise move." Under Pa.R.C.P. 1017 the appellant could have filed an answer *or* preliminary objections to the complaint.[3] He was not limited to filing an answer, and in fact the court below pointed out that part of the appellant's argument for opening the default judgment would have constituted the basis for a preliminary objection. The salient point is that there was no agreement between the attorneys for the parties, as counsel for the appellee only granted an extension of time in which to file an answer and specifically refused to grant an extension of time for the filing of any other pleading.

The appellee did not give the notice referred to in Pa.R.C.P. 237.1(c).

3. Pa.R.C.P. 1017 provides in part:
 Rule 1017. Pleadings Allowed
 (a) The pleadings in an action are limited to a complaint, an answer thereto, a reply if the answer contains new matter or a counterclaim, a counter-reply if the reply to a counterclaim contains new matter, a preliminary objection and an answer thereto.
 (b) Preliminary objections are available to any party ...

The test for enforceability of an agreement is whether both parties have manifested an intent to be bound by the terms of the agreement and whether the terms are sufficiently definite and whether consideration existed. *Channel Home Centers v. Grossman*, 795 F.2d 291 (C.A. 3 1986). In the written agreement contemplated under Pa.R.C.P. 237.1 there is no legally sufficient consideration required in the usual sense of contract law. An agreement is enforceable where the parties intended to conclude a binding agreement and the essential terms of the agreement are certain enough to provide the basis for an appropriate remedy. *Linnet v. Hitchcock*, 324 Pa.Super. 209, 471 A.2d 537 (1984).[4] What is clearly lacking in the exchange of writings between counsel for the parties in the instant case is the mutuality of assent. Lawyers, especially, should recognize that a "written agreement" must manifest in unequivocal language the mutual understanding reached by the parties. Simply stated, counsel for the appellant's request for a "reasonable extension of time within which *to plead or otherwise move*", was denied by counsel for the appellee. Even though there was an exchange of letters, no agreement was reached.[5] In the absence of a written agreement

**4.** As pointed out in the Explanatory Note to Pa.R.C.P. 237.1 "A written agreement of extension need not be formal. An exchange of letters between counsel will suffice. *But any agreement should be sufficiently specific to avoid argument over its terms.* (Emphasis added.)

**5.** We note that in the case before us, counsel for the appellee gave no indication of an intent to enter a default judgment, but even if he had the requirements of 237.1 would not have been met in the absence of an agreement. In *N.H. Weidner, Inc. v. Berman*, 310 Pa.Super. 590, 456 A.2d 1377 (1983) counsel for plaintiff wrote to counsel for defendant after the time for filing a responsive pleading had passed, stating that if he did not have anything in the next two weeks, he would assume that he should feel free to enter a default judgment. This court, speaking through Montemuro, J., found that there was no written agreement and the default was not entered "in accordance with the mandatory requirements of Pa.R.C.P. 237.1." 310 Pa.Super. at 599, 456 A.2d at 1382. Similarly, in *Giallorenzo v. American Druggists' Insurance Co.*, 301 Pa.Super. 294, 447 A.2d 974 (1982) we found that in the absence of a written agreement, even where counsel for plaintiff wrote to counsel for defendant after the time for filing a responsive pleading had passed that he would enter a default judgment if an answer was not filed within 10 days, that this did not

between the parties, counsel for the appellee was required to comply with Pa.R.C.P. 237.1 requiring the giving of notice of the intention to file a praecipe for the entry of a default judgment in a form that substantially complied with Pa.R.C.P. 237.1(c). Such notice was not given.

The reason for Rule 237.1 is that the law does not look with favor on "snap" judgments. *McPherson v. Tube City Taxicab Co.*, 321 Pa.Super. 144, 467 A.2d 1170 (1983); *Queen City Electrical Supply Co. v. Soltis Electric Co.*, 491 Pa. 354, 421 A.2d 174 (1980). Prior to the adoption of Pa.R.C.P. 237.1, the entry of snap judgments without notice was strongly disapproved by this court and the lack of notice was frequently singled out as an important factor justifying the opening of a default judgment. See Explanatory Note to Pa.R.C.P. 237.1. The purpose of Rule 237.1 is to assure that a default judgment is not entered without prior notice to the defendant. *Brown v. Great Atlantic & Pacific Tea Company*, 314 Pa.Super. 78, 460 A.2d 773 (1983).[6]

There must be strict compliance with Pa.R.C.P. 237.1. A written notice of intention to file a praecipe must be given in accordance with the rule before the entry of a default judgment. The exception to this is where both parties enter into a written agreement as described in Rule 237.1(a). The giving of written notice of intent to file a praecipe is an *ex parte* matter and requires no action by opposing counsel. However, if the party seeking to enter a default judgment elects to refrain from the giving of a written notice, then an agreement between the parties must be entered and this requires a manifestation of mutual assent to the terms of the agreement. This is the more difficult route to follow than the giving of notice in accordance with the form set

satisfy the rule. In our case, we have neither a written agreement or any warning concerning the entry of a default judgment.

6. Nothing in our discussion concerning Pa.R.C.P. 237.1 is meant to detract in any way from the necessity of compliance with Pa.R.C.P. 1026 concerning the time for filing responsive pleadings. Failure to comply with Pa.R.C.P. 237.1 bars the entry of a default judgment, but the mandate of Pa.R.C.P. 1026 remains intact.

forth in Pa.R.C.P. 237.1(c) as the forging of an agreement between opposing counsel may be wrought with difficulty. The failure of the appellant to comply with Pa.R.C.P. 237.1 in this case precluded the entry of judgment by default and the court below erred regarding the law in not opening the default judgment.

Order reversed and judgment by default is opened.