## Polymer Dynamics Inc. v. Smith

*Ronald Clever,* for plaintiff.
*Karl F. Longenbach,* for defendants.

BACKENSTOE, *P.J.,* December 1, 1988 — On April 20, 1988, plaintiff, Polymer Dynamics, filed a complaint against defendants, Michael Smith and Doris Smith, d/b/a D.J.. Sportswear, alleging breach of contract. A default judgment was entered against defendants on June 22, 1988. Thereafter, on July 7, 1988, defendants filed a petition to strike and/or open the default judgment and a rule was entered upon plaintiff to show cause why the judgment should be stricken or opened. On July 8, ·1988, the rule entered on July 7, 1988 was vacated to the ex-. tent that it directed all proceedings to stay meanwhile.

Plaintiffs levied upon defendants' property on July 21, 1988. The next day, July 22, 1988, defendants filed a petition for stay of execution and release of levy. This court entered an order staying the execution and releasing the levy until further order of the court with the requirement that defendants post a surety bond of $10,000. On August 2 and 3,

1988, and October 5, 1988, this court heard argument concerning this matter.

Plaintiffs, on September 28, 1988, made a motion to dismiss defendant's petition to open and/or strike off judgment for violation of Lehigh County Rule 211(c).* Plaintiff alleges that defendant's brief had to be filed on or before September 21, 1988, and since defendant did not meet this deadline under local rule 211(f) and (k), defendants' petition should be dismissed.

Lehigh County Rule 211 (b) states:

"[I]n all matters other than en banc matters counsel for the moving party shall, subject to (c) hereof file one copy of his brief in the office of the Clerk of Courts not later than two weeks before date of argument. . . ."

Defendants filed their brief on September 22, 1988, 13 days prior to oral argument before this court. Plaintiff avers that since defendants filed their brief one day late, we should dismiss defendants' petition.

The principles of interpretation and rules of construction embodied in Pa.R.C.P. §§102-153 inclusive shall apply to the Lehigh County Rules (L.C.R. §101). Pa.R.C.P. §126 specifically allows for the liberal construction of rules which do not affect the substantial rights of the parties. In our judgment defendant being in substantial compliance with the rules, we will consider the matter on its merits.

The primary issue involves discussions and negotiations concerning an agreement for an extension of the deadline for filing an answer. Plaintiff's counsel (Attorney Clever) alleges that on May 27, 1988, he had a phone conversation with defendants' coun-

---

* We think plaintiff meant to use rule 211(b) since rule 211(c) does not deal with this matter.

sel (Attorney Hench) and the two parties agreed to give defendant an extension of time to file an answer. Furthermore, Attorney Hench confirmed this agreement by letter dated May 27, 1988:

"Dear Mr. Clever:

"This is to confirm our conversation of Friday, May 27 in which you agreed to give me an extension in which to file an answer to the complaint of June 17, 1988.

. . .

"Allen E. Hench"

On June 22, 1988, plaintiff filed a praecipe for judgment since the June 17 deadline had not been met.

The defense does not dispute that a letter was sent and an extension was given. However, Attorney Hench avers that he left with a clear understanding that a 10-day notice would be sent on or after June 17, 1988, if there was not a settlement or a filing of an answer. Furthermore, Attorney Hench alleges that he agreed not to file preliminary objections, and that in the absence of a settlement the matter would be referred to local counsel.

The rules regarding default judgment are founded in Pa.R.C.P. §237.1(a) which reads as follows:

"(a) No judgment by default shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file a praecipe was mailed or delivered to the party against whom judgment is to be entered and to his attorney of record, if any, after the default has occurred and at least 10 days prior to the date of the filing of the praecipe. If a written agreement for an extension of time specifies a time within which the required action must be taken and a default occurs thereafter, judgment by default may be entered by the prothonotary without prior notice of this rule."

The intent of rule 237.1 was to provide the defendant with notice and avoid snap judgments. Defendants frequently used the defense of lack of notice to open default judgments. 1 Goodrich-Amram (Supp.) §237.1 at 99. In order to stop this practice and to eliminate factual uncertainty concerning notice, a 10-day notice of intent must be given prior to an entry for a default judgment. *Rosenfeld v. Volkswagen of America Inc.*, 132 P.L.J. 43, 45 and explanatory note 1979 to rule 237.1.

Judge Gates of Lebanon County in *Allison v. Kline*, 22 Lebanon Leg. J. 92, 94 (1984) noted that a default judgment resolves all issues without a hearing on the merits. The gist of rule 237 is to *avoid* this consequence, unless it is clear to the parties and counsel of record that a default judgment will be taken for failure to act either within 10 days or by agreement.

In *Rosenfeld, supra,* Judge Wettick held that an agreement for an extension of time serves as a substitute for the notice of intention to take a default judgment only if it *specifically* states an intention to take a default judgment if the party obtaining the extension fails to act within the extension period. The test for an enforceable agreement is whether both parties have manifested an intent to be bound by the terms of the agreement and whether the terms are sufficiently *definite* and whether consideration existed. *Channel Home Centers v. Grossman,* 795 F.2d 291, 298-9 (C.A. 3 1986).

In the dispute before this court the letter sent by defendants did not mention if a 10-day notice was required. The testimony and the briefs differ in whether or not the attorneys agreed to dispense with the 10-day notice. The letter sent by defendants' counsel does not address preliminary objections or if the answer would be filed by local coun-

sel. We agree that a written agreement of extension need not be formal. An exchange of letters will suffice. Explanatory note 1979 to rule 237.1 and 1 Goodrich-Amram (Supp.) §237.1 at 99. However, the agreement in question was not definite enough to show the lawyers' mutual assent. Lawyers especially should recognize that a written agreement must manifest in unequivocal language the mutual understanding of the parties. *Burkett v. Allstate Insurance Co.*, 368 Pa. Super. 600, 534 A.2d 819 (1987).

In our judgment a sufficient agreement was not reached. Rule 237.1 requires that without an agreement, a 10-day notice of intent to take a default judgment must be given. The only construction of rule 237.1(a) consistent with its promulgation, is that an agreement will serve as a substitute for the 10-day notice only if it *specifically* states an intention to take a default judgment if the party obtaining the extension fails to act within the prescribed period. *Rosenfeld, supra.* Accordingly, plaintiff's default judgment must be stricken.

## ORDER

Now, December 1, 1988, upon consideration of the briefs submitted by counsel and following oral argument upon this matter, it is hereby ordered that defendants' petition to strike the default judgment is granted.

It is further ordered that plaintiff's motion to dismiss for failure to comply with Lehigh County Rule 211(b) is denied.

It is further ordered that the stay of execution by order of July 22, 1988, is hereby lifted and that the bond posted thereunder be returned to defendants.