569 A.2d 1020

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, Appellant,**

v.

**Kevin B. RAY, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Dec. 15, 1989.

Decided Feb. 7, 1990.

William G. Brown, for appellant.

Neal Cohen, Philadelphia, for appellee.

Before DOYLE and PALLADINO, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

This is an appeal from an order denying a petition to strike and/or open a default judgment. We affirm.

On January 29, 1987, Kevin Ray (Ray) was a passenger in an uninsured motor vehicle when it was allegedly struck in the rear by a Southeastern Pennsylvania Transportation Authority (SEPTA) bus. Ray filed a complaint against SEPTA on October 5, 1988. By letter dated October 13, 1988, counsel for SEPTA requested a reasonable extension of time to respond to the complaint. In a letter dated October 14, 1988, Ray's counsel responded to SEPTA's request and granted SEPTA until November 15, 1988 to file an answer to the complaint. SEPTA, having failed to file a responsive pleading, had a default judgment entered against it on November 29, 1988.

On December 7, 1988, SEPTA filed a petition to strike and/or open the default judgment because the notice requirement for a default judgment was not properly followed pursuant to Pennsylvania Rule of Civil Procedure (Pa.R. C.P.) No. 237.1(a). The trial judge denied SEPTA's petition on the ground that Pa.R.C.P. No. 237.1(a) does not require notice that a default judgment will be taken when a written agreement for an extension of time specifies a time within which the required action must be taken and the default

occurs thereafter. Here, the trial judge determined that the letters between Ray and SEPTA's attorneys constituted a binding, written agreement for an extension of time, and the default occurred after the deadline specified in the agreement. This appeal followed.

The sole issue before this Court is whether the default judgment was properly entered in accordance with Pa.R. C.P. No. 237.1(a). SEPTA argues that the default judgment was erroneously granted and requests that the default judgment be opened.[1]

■ The decision whether to open a default judgment is left to the sound discretion of the trial court, and absent an error of law or clear manifest abuse of discretion, the trial court's decision will not be disturbed on appeal. *Kurtz v. Allied Corp.,* 127 Pa.Commonwealth Ct. 384, 561 A.2d 1294 (1989).

It is a well established rule that in order to grant a petition to open a default judgment, the following three criteria must be met: (1) the petition to open must be promptly filed; (2) a meritorious defense must be shown; and (3) there must be a reasonable excuse for failure to respond. *Balk v. Ford Motor Co.,* 446 Pa. 137, 285 A.2d 128 (1971). Failure to give notice as required by Pa.R.C.P. No. 237.1(a) has been held to be a reasonable excuse for failure to respond. *Rounsley v. D.C. Ventre and Sons, Inc.,* 361 Pa.Superior Ct. 253, 522 A.2d 569 (1987).

SEPTA argues that the letters conveyed between the respective attorneys did not constitute a written agreement for an extension of time, and therefore, notice that a default judgment was going to be taken against it had to be given

---

**1.** Initially, SEPTA argued that the default judgment should be struck and/or opened. In its brief before this Court, however, SEPTA requested only that the default judgment be opened, not struck. Because this is the only relief requested, we will limit our review accordingly. *Bittenbender v. SEPTA,* 362 Pa.Superior Ct. 243, 523 A.2d 1173 (1987).

as required by Pa.R.C.P. No. 237.1(a). Pa.R.C.P. No. 237.-1(a) provides:

> (a) No judgment by default shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered to the party against whom judgment is to be entered and to his attorney of record, if any, after the default occurred and at least ten days prior to the date of the filing of the praecipe. If a written agreement for an extension of time specifies a time within which the required action must be taken and a default occurs thereafter, judgment by default may be entered by the prothonotary without prior notice under this rule. A copy of the notice or agreement shall be attached to the praecipe.

In *Burkett v. Allstate Ins. Co.*, 368 Pa.Superior Ct. 600, 534 A.2d 819 (1987), the Superior Court concluded that letters exchanged between the parties' attorneys before a default judgment was entered did not constitute an agreement between the parties for an extension of time, and therefore, notice of an intent to take a default judgment was required under Pa.R.C.P. No. 237.1(a). The Superior Court, before forming its conclusion, discussed the following well established principles regarding the formation of a binding, enforceable agreement:

> The test for enforceability of an agreement is whether both parties have manifested an intent to be bound by the terms of the agreement and whether the terms are sufficiently definite and whether consideration existed. In the written agreement contemplated under Pa.R.C.P. 237.1 there is no legally sufficient consideration required in the usual sense of contract law. An agreement is enforceable where the parties intended to conclude a binding agreement and the essential terms of the agreement are certain enough to provide the basis for an appropriate remedy. [citations omitted].

*Id.,* .368 Pa.Superior Ct. at 608, 534 A.2d at 823—824.

The Superior Court found no written agreement between the parties because of the content of the letters exchanged between the parties' attorneys. Defendant's counsel, in that case, made a request to plaintiff's counsel for "a reasonable extension of time within which to plead or otherwise move." In response to this request, counsel for the plaintiff stated that he would "grant an extension of time until August 18, 1986 to answer the plaintiff's Complaint" but would "not grant any extension of time to otherwise move to plaintiff's Complaint." The Superior Court concluded that this exchange of writings between counsel for the parties lacked mutuality of assent, and therefore, did not constitute a binding agreement.

■ In the present case, however, the content of the letters exchanged between the parties' attorneys demonstrates mutual assent. SEPTA's counsel requested a reasonable extension of time to respond to Ray's complaint. Ray's counsel granted the request and advised SEPTA that it had until November 15, 1988 within which to file an answer. The date established by Ray in his response was not unilaterally set, but was determined as a reasonable date in light of SEPTA's request for a "reasonable extension of time." Moreover, in response to the request made by SEPTA's counsel for an extension in order to respond to Ray's complaint, Ray's counsel stated that he would give SEPTA until November 15, 1988 to file an answer to the complaint. The use of the term "answer" in response to SEPTA's request for additional time to "respond" does not demonstrate a lack of mutuality of assent among the parties.

Because we find that there was a binding, enforceable agreement between the parties regarding an extension of time to respond to the complaint and a default occurred thereafter, there was no need for prior notice under Pa.R. C.P. No. 237.1(a), and the trial court did not err in refusing to open the default judgment.

184

Accordingly, we affirm the order of the trial court.[2]

DOYLE, J., dissents.

## ORDER

AND NOW, this 7th day of February, 1990, the order of the trial court is affirmed.

**2.** Although Ray argued that we should not open his default judgment against SEPTA because SEPTA also had no meritorious defense in the case, we need not address this issue in light of the foregoing opinion.