**Barchfeld v. Tyson**

*Timothy E. Finnerty,* for plaintiff.
*Richard H. Galloway,* for defendants.

CARUSO, *J.,* July 7, 1992—

OPINION AND ORDER

This matter is before the court, as a result of a petition for a rule to show cause why a judgment should not be opened and the response thereto. Counsel agreed that the court was to decide the matter based upon the present state of the record.

Plaintiff-Barchfeld filed an equity action against defendant-Tyson involving majority and minority shareholders of JHT Sales Inc. Tyson's counsel then wrote the following to Barchfeld's attorney:

"I have not filed an answer, hoping we can resolve it before it is necessary to do so. If you require me to file and answer to avoid default, I will do so immediately. If I do not hear from you, I will assume that it is not necessary until we have determined whether my proposal is acceptable."

Negotiations then followed, lasting for a period of approximately three months. On April 30, 1992, Barchfeld's counsel wrote a letter to Tyson's attorney, which stated that his client had not accepted the proposal and asked that an answer be filed within 20 days of the letter. An answer was not filed within the requested 20-day time period. On May 22, 1992, the plaintiff filed a praecipe for entry of default judgment, which was entered on May 26, 1992.

It is undisputed that no notice of the default judgment was given to the defendant as required by Pa.R.C.P. 237.1(a). Defendant's counsel filed a petition for rule to show cause requesting that the judgment be opened. In response, plaintiff's counsel claimed that the facts of this case fall within the exception to the above rule of court and that notice of intent to file for default judgment was therefore not required.

Pa.R.C.P. 237.1(a) states that "no judgment by default shall be entered" unless the praecipe includes a certification that notice was given to the party against whom judgment is sought at least ten days prior to the filing of the praecipe. As an exception, however, the statute states that "if a written agreement for an extension of time specifies a time within which the required action must be taken and a default occurs thereafter, judgment by default may be entered by the prothonotary without prior notice under this rule." Pa.R.C.P. 237.1(a), 42 Pa.C.S.

The issue presented is whether the facts of this case fall within this exception. For the reasons stated hereafter, it is held that there was no written agreement for an extension of time and that notice of intent to enter default judgment should have therefore been given. The default judgment was improperly entered and will, therefore, be opened.

The requirements of a written agreement for an extension of time are that the parties must be known, the time period must be definite, and there must be an "exchange of letters" manifesting a meeting of the minds on the terms of the agreement. *Johnson v. SEPTA,* 524 Pa. 209, 214, 570 A.2d 71, 73-74 (1990).

Under the facts of this case, there is not an "exchange of letters" according to the interpretation given that term by the Pennsylvania Supreme Court. In *Johnson*, the court was faced with a similar situation where one attorney wrote the other asking for a reasonable extension of time to file an answer. That attorney then wrote back granting a 30-day extension. Finding that this did not constitute an "exchange of letters," the court stated:

"It seems likely ... that the [statute] contemplated the situation in which one party's letter requested an extension of X days and the other party's letter granted the X-day extension. In this case, however, one party requested an open-ended extension and the other party replied by granting a 30-day extension. We do not believe, therefore, that there is an 'exchange of letters' manifesting an agreement, for the writing indicates only a proposal offered by one of the parties answered by a counterproposal." *Id.* at 215, 570 A.2d at 74.

The same analysis is applicable to this case. The request by defendant's counsel for an extension of time to allow for negotiations constituted a proposal, which was agreed to by plaintiff's counsel. The subsequent request by plaintiff's counsel that an answer be filed in 20 days, however, constituted a new proposal which was never agreed to by defendant's counsel. What is missing is a letter from defendant's counsel confirming this 20-day extension, thereby manifesting a meeting of the minds on the terms of the agreement. Absent such a meeting of the minds, notice of intent to enter default judgment must be given.

In support of the contention that notice was not required, plaintiff relies on *MacDonald v. Crafton-Ingram Apart-*

*ments Inc.,* 140 Pitts. Leg. J. 235 (1991). In *MacDonald,* the court held that where a date certain is made known in writing when the extension is granted, notice of default judgment is no longer required. *Id.* at 236.

Reliance on this case, however, is misplaced. In *MacDonald,* the defendant requested a reasonable extension of time within which to respond. Plaintiff then granted the extension and set a date certain within which defendant had to respond.

In the case now before the court, however, the defendant only requested an extension in order to accommodate negotiations. This agreement terminated when the defendant's proposal was rejected. The subsequent setting of a date certain, therefore, was a unilateral determination made by plaintiff's counsel, as opposed to the setting of a date certain in response to a request for more time.

This decision is also supported by the disfavor with which "snap" judgments are looked upon under the law. *Burkett v. Allstate Insurance Co.,* 368 Pa. Super. 600, 609, 534 A.2d 819, 824 (1987). The enactment of Rule 237.1 itself represents legislative disapproval of this practice, as its purpose is to assure that defendants are given prior notice before a default judgment is entered. *Brown v. Great Atlantic & Pacific Tea Co.,* 314 Pa. Super. 78, 460 A.2d 773 (1983).

Because there was no written agreement for an extension of time, notice of intent to file for default judgment should have been given as required by Rule 237.1(a). Because notice was not given, the default judgment was improperly entered and will, therefore, be opened.

## ORDER OF COURT

And now, July 7, 1992, in accordance with the foregoing, it is hereby ordered and decreed that the petition to open default judgment is granted. The defendant is to file a responsive pleading within 20 days of the date of this order.