633 A.2d 1312

RICHMOND TOWNSHIP

v.

ᴵPaul THORNTON and Arlolene L. Thornton,
his wife and James McClelland,

**Appeal of Paul THORNTON and Arlolene
L. Thornton, Appellants.**

Commonwealth Court of Pennsylvania.

Submitted Oct. 8, 1993.

Decided Nov. 9, 1993.

Reargument Denied Dec. 20, 1993.

Edith L. Dowling, for appellants.

William A. Hebe, for appellee.

Before COLINS and PELLEGRINI, JJ., and KELTON, Senior Judge.

PELLEGRINI, Judge.

Paul and Arlolene Thornton appeal from the order of the Court of Common Pleas of Tioga County (trial court) denying their petition to open default judgment and their petition for judgment of non pros against Richmond Township (Township).

The Township filed a complaint against the Thorntons on November 7, 1990, alleging a violation of Township ordinances involving the accumulation of used tires on their property. The complaint was served on both the Thorntons on November 8, 1990, at their residence. The Thorntons did not respond to the complaint by filing a responsive pleading.

On March 1, 1993, the prothonotary's office sent a notice of intent to terminate the action because it had been inactive for almost 28 months.[1] The notice stated that a hearing was set

1. Pursuant to Tioga County local court rule 310, which implements Pa.R.J.A. No. 1901, 201 Pa.Code Rule 1901, in the interest of prompt disposition of pending cases, the court of common pleas may on its own motion enter an appropriate order terminating a matter before it when it has been inactive for an unreasonable period of time or more than two years. TC–310 provides:

> (b) The Court Administrator shall give at least thirty (30) days notice to all attorneys of record and unrepresented parties advising them of the date, time and place of the argument, ... stating that an order

for April 7, 1993, and the trial court would terminate the case at that time unless objection was made and good cause shown for why it should not be terminated.

In response to the notice of intent to terminate the case from the trial court, on March 26, 1993, the Township mailed to the Thorntons notice of its intent to take default judgment against them. On April 1, 1993, the Thorntons filed a petition for judgment of non pros and a motion to dismiss. The Thorntons' petition admitted that they had received service of the complaint in November 1990, and that no other action was evident from the docket. On April 6, 1993, the Township filed a praecipe for the entry of default judgment for failure to file an answer to the complaint and default judgment was entered on that date.

At the hearing on April 7, 1993, the Thorntons attempted to argue their petitions. However, because the trial court determined that a default judgment had already been entered against the Thorntons, the petition for judgment of non pros and motion to dismiss were denied. The Thorntons then filed a petition to open default judgment and a motion to modify the trial court's order. The Thorntons also filed a notice of appeal to this court. The trial court issued a memorandum opinion in support of the April 7 order holding that because the Thorntons never filed a responsive pleading to the complaint even after receiving the notice of intent to take default judgment, the default was proper and their petitions must be denied. The trial court also stated that because no action was taken on the petition to open default judgment and motion to modify the order, the motions were presumed to be denied.

The Thorntons contend that because the Township filed its praecipe for default judgment after the notice of intent to

will be entered at that time, terminating the action on the ground of unreasonable inactivity, unless some objection be made before that time, and good cause shown as to why the action shall not be terminated.

(f) If no good cause for continuing an action is shown at or before the scheduled argument, an order shall be issued forthwith by the court for dismissal of such action.

terminate from the trial court and after they had filed their petitions, the default was improper and their petition for non pros should have been granted based on the prejudicial failure of the Township to pursue the action for more than two years. The Township's notice of and praecipe for default judgment and the Thorntons' several petitions were filed only after the court determined that the case had been inactive for 28 months. Because the court's notice of intent to terminate initiated the actions by the parties, we must first determine the effect of the court's action.

In the Note to Pa.R.J.A. No.1901, the intention of the rule is stated as "to foster elimination of stale cases from the judicial system where the parties have failed to proceed and which are carried as open matters because of the failure on the part of any party to seek dismissal or otherwise to bring the matter to conclusion." Pa.R.J.A. No. 1901 provides:

> (a) *General policy*—It is the policy of the unified judicial system to bring each pending matter to a final conclusion as promptly as possible consistently with the character of the matter and the resources of the system. Where a matter has been inactive for an unreasonable period of time, the tribunal, on its own motion, shall enter an appropriate order terminating the matter.
>
> .    .    .    .    .
>
> (c) *Minimum standards*—Before any order terminating a matter on the ground of unreasonable inactivity is entered, the parties shall be given at least 30 days' written notice of opportunity for hearing on such proposed termination. . . . Any matter terminated after notice by publication pursuant to this paragraph may be reinstated by the court after dismissal upon written application for good cause shown.

■ Under the Rule, once the court determines that the case has been inactive for an unreasonable time, the court deems the matter terminated unless good cause [2] for the delay is presented at the hearing provided for that purpose. The

2. We would point out that the Note to Pa.R.J.A. No. 1901 states that the court should exercise judicial discretion in determining whether good

notice period is afforded the parties so they may object to termination and present evidence of good cause for the delay.[3] There is nothing in this Rule or in the local court rule indicating that the notice of intent to terminate serves as a reminder or a "last chance" for the parties to take some action so that the case will not be terminated. Once the notice has been sent, the parties have essentially lost their right to maintain the action unless they can show good cause for the delay. *See Metz Contracting, Inc. v. Riverwood Builders, Inc.*, 360 Pa.Superior Ct. 445, 520 A.2d 891 (1987), *petition for allowance of appeal denied,* 515 Pa. 623, 531 A.2d 431 (1987). In *Metz,* the plaintiff filed a writ of summons but did not file a complaint until almost four years later after the prothonotary sent a rule to show cause why the case should not be dismissed for unreasonable activity. The trial court dismissed the case for unreasonable activity and the Superior Court affirmed, holding that despite the "flurry of activity" precipitated by the rule to show cause, the dismissal was not an abuse of discretion because there was no reasonable explanation given for the delay.

cause was shown, and that a termination will not necessarily foreclose further proceedings on the matter, since it is not an adjudication.

**3.** This is supported by the Note to Rule 1901 which provides a suggested form for the local rule:

> (a) The prothonotary shall list for general call at the first civil argument court held after September 1 of each year all civil matters in which no steps or proceedings have been taken for two years or more prior thereto and shall give notice thereof to counsel of record, and to the parties for whom no appearance has been entered, as provided by Pa.R.J.A. No. 1901(c). If no action is taken or no written objection is docketed in such a matter prior to the commencement of the general call, the prothonotary shall strike the matter from the list and enter an order as of course dismissing the matter with prejudice for failure to prosecute, under the provision of this rule. If no good cause for continuing a matter is shown at the general call, an order shall be entered forthwith by the court for dismissal.

The last sentence is mandatory; the only way for a party to continue the case is to show good cause or the court will dismiss the case at the general call. In fact, unless the party files a written objection alleging good cause or takes some other action (advising the court that it will appear at the general call), the case will not even be listed for general call but will be terminated automatically and the party has lost its opportunity to provide good cause.

The Township relies on *Penn Piping, Inc. v. Insurance Company of North America,* 529 Pa. 350, 603 A.2d 1006 (1992), for approval of its filing of an intent to take default judgment and praecipe for default.[4] In that case, the Supreme Court stated in footnote 3 that the defendant's failure to file an answer to the complaint did not discharge the plaintiff's responsibility to move the case forward. The court recognized that the plaintiff could have used the remedies set out in the rules of civil procedure to force the recalcitrant defendant to proceed, including default judgment. In the context of stating that the plaintiff failed to meet its responsibility to move the case forward, the reference to the remedies indicated that the plaintiff had a specific route to end the matter before the court took action and does not give any right to the Township to file for default after the court determines that termination is proper because it failed to pursue the matter for 28 months.

██ Because the Township's praecipe for default judgment was untimely, the judgment against the Thorntons was contrary to law. The trial court, however, denied the petition for judgment non pros and motion to dismiss because there was a judgment in the case. The trial court was then presented a petition to open the judgment but stated that it was presumed denied.[5] Because default judgment was improper, the trial court abused its discretion in not opening the judgment. Once the judgment was open, the case should have been terminated because the Township did not present good cause for the inactivity for more than two years. Accordingly, we reverse the trial court's order and remand the case so that the judgment can be opened and then terminated pursuant to Pa.R.A.J. No. 1901.

**4.** In *Penn Piping,* the Supreme Court held that a delay for a period of two years or more in prosecuting a case is presumed prejudicial to the defendant for purposes of any proceeding to dismiss for lack of activity on the docket.

**5.** The trial court's decision on whether to open a default judgment will not disturbed on appeal absent an error of law or a clear manifest abuse of discretion. *Southeastern Pennsylvania Transportation Authority v. Ray,* 131 Pa.Commonwealth Ct. 179, 569 A.2d 1020 (1990).

562

## ORDER

AND NOW, this 9th day of November, 1993, we reverse the order of the Court of Common Pleas of Tioga County dated April 7, 1993, No. 754 Civil Division, 1990, denying the Thorntons' petition to open and remand for an order terminating the case in accordance with the opinion.

Jurisdiction relinquished.