**Waldman's Meat Inc. v. Nocera**

C.P. of Lawrence County, no. 232 of 1992, C.A.

*Phillip L. Clark Jr.,* for plaintiff.
*Matthew T. Mangino,* for defendant.

PRATT, *J.,* January 24, 1996—Pursuant to Pa.R.J.A. 1901 and Local Rule L1901, by order of August 23, 1995, this case was listed for general call for October 5, 1995, with a rule to show cause why the case should not be terminated, rule returnable at the general call of the case. The plaintiff, through counsel, appeared at the general call and was provided an opportunity to be heard on the proposed termination of the case. The court, thereupon, terminated the case due to an unreasonable period of docket inactivity by its order of November 27, 1995, which is the subject of the instant appeal.

On January 9, 1996, the plaintiff filed a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). This opinion is filed in accordance with Pa.R.A.P. 1925(a).

## DISCUSSION

Plaintiff raises several interrelated issues in its appeal. Plaintiff contends, first, that the court erroneously construed "inactivity" under Pa.R.J.A. 1901 to mean inactivity on the docket and, thus, did not consider activity related to a case that ordinarily does not appear on the docket, such as discovery. Plaintiff further maintains

that the lack of docket activity caused no prejudice to the defendant. Plaintiff also contends that the court erred in terminating the case after a certificate of readiness was filed, on September 29, 1995, certifying that the case was ready for trial. In addition, plaintiff maintains that Local Rule L1901 fails to comply with the mandate of Pa.R.J.A. 1901(b)(1) and that the court's actions pursuant to Pa.R.J.A. 1901 and Local Rule L1901 marked an extreme departure from this court's prior application of those rules, without prior notice to the local bar.

I.

The first issue raised by plaintiff is controlled by our Supreme Court's holdings in two companion cases, *Penn Piping Inc. v. Insurance Company of North America,* 529 Pa. 350, 603 A.2d 1006 (1992) and *Streidl v. Community General Hospital,* 529 Pa. 360, 603 A.2d 1011 (1992). *Penn Piping* established a per se rule presuming prejudice to a defendant when a plaintiff has failed to proceed in a case for a period exceeding two years. *Streidl* made it clear, if *Penn Piping* did not, that the failure to proceed should be indexed by *docket* inactivity. In *Streidl,* our Supreme Court rejected plaintiffs' contention that their action was improperly dismissed for lack of docket activity despite their claim that they were waiting for an expert's report. As Justice Zappala observed in his dissenting opinion, the court's holding clearly extends to cases that are proceeding through discovery, but which do not reflect the activity on the docket. *Id.* at 364 n.1, 603 A.2d at 1013 n.1. Indeed, discovery will not normally be reflected on the docket as Pa.R.C.P. 4002.1 expressly states that "discovery shall not be filed unless relevant to a motion or other pretrial proceeding, ordered by the court or required by statute." Thus, *Streidl* implicitly holds that discovery related to a case should be completed in two

years or less, barring attempts to obstruct the discovery process by a defendant. Such attempts should be reflected by docket activity, of course, as it is incumbent upon the plaintiff to file the appropriate motions compelling the defendant to respond to the plaintiff's discovery requests. Plaintiffs who proceed through discovery with requisite diligence and promptitude suffer no imposition under this rule nor are they placed at any significant disadvantage.

Thus, we reject plaintiff's first contention.

## II.

Our case law is similarly clear that a notice of intent to terminate a matter for lack of activity does not serve as "a reminder or a 'last chance' for the parties to take some action so that the case will not be terminated." *Richmond Township v. Thornton,* 159 Pa. Commw. 556, 560, 633 A.2d 1312, 1314 (1993). Thus, a flurry of activity precipitated by a rule to show cause why a case should not be dismissed will not bar termination if there is no reasonable explanation for the delay. See *Metz Contracting Inc. v. Riverwood Builders Inc.,* 360 Pa. Super. 445, 520 A.2d 891 (1987), *appeal denied,* 515 Pa. 623, 531 A.2d 431 (1987). Under our case law, the instant plaintiff cannot excuse his failure to proceed with reasonable diligence and promptitude by filing a certificate of readiness after the court has sent a notice pursuant to Pa.R.J.A. 1901 and Local Rule L1901. It remains incumbent upon plaintiff to show good cause for the delay. This court does not believe that the reasons advanced by plaintiff for the delay —that the case lay dormant while lead counsel was an active candidate for public office and no one else in the law firm picked up the matter—are sufficient to carry the burden imposed on plaintiff by our appellate courts.

Therefore, plaintiff's second contention is also rejected.

## III.

Notwithstanding plaintiff's third contention, this court believes that Local Rule L1901 complies with the mandates of Pa.R.J.A. 1901, which sets minimum standards for noticing a party that a matter may be terminated on the ground of unreasonable activity. The notice requirements of Pa.R.J.A. 1901 are incorporated by reference by Local Rule L1901, which states, in part, "Notice requirements shall fully comply with Pa.R.J.A. 1901."

Hence, plaintiff's third assignment of error must also fail.

## IV.

Lastly, plaintiff argues that the court departed from "well-established practice of the Lawrence County Court of Common Pleas" under local rule by not permitting "action of record subsequent to the notice of the General Call of Cases but prior to the commencement thereof." Essentially, plaintiff urges the court to overrule or, at the very least, ignore *Richmond Township v. Thornton, supra,* and *Metz Contracting Inc. v. Riverwood Builders Inc., supra.* It may have been the prior practice of the Lawrence County Court of Common Pleas to use notices sent to parties under Pa.R.J.A. 1901 or Local Rule L1901 as a "last chance" reminder to take action, but convention is not sufficient reason for continuing the practice, especially when it is contrary to our case law and encourages and rewards the dilatory practice of law instead of deterring it.

Accordingly, the plaintiff's final argument must be rejected.

For the reasons set forth above, this court believes that its order of November 27, 1995, terminating the instant case, was proper and should be affirmed.

## ORDER

The court directs the prothonotary to file and serve the attached opinion and immediately transmit the record to the Superior Court.