J-A01038-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DANIEL CASTRO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LISA MARIE ROSADO | : | No. 877 EDA 2019 |

Appeal from the Order Entered January 22, 2019
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  August Term, 2016, NO. 3045

BEFORE:   NICHOLS, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                          **FILED MARCH 04, 2020**

Appellant, Daniel Castro, appeals from the order entered of January 22, 2019, granting non-suit, with prejudice, on Appellant's cause of action for breach of fiduciary duty against Appellee, Lisa Marie Rosado, related to her inadequate filing or failing to file Appellant's federal income tax returns.  This January 2019 order, in turn, finalized an order from March 9, 2018, granting Appellee's motion for summary judgment on additional claims, including a cause of action for breach of contract.  We reverse the entry of summary judgment on the breach of contract claim only, and we remand for further proceedings consistent with this decision.

_____

[*] Retired Senior Judge assigned to the Superior Court.

In its opinion, the trial court fully and correctly set forth the relevant facts and procedural history of this case. *See* Trial Court Opinion, filed June 27, 2019, at 1-10. Therefore, we have no reason to restate them at length here. For the convenience of the reader, we briefly note that Appellant commenced this action by complaint on August 23, 2016. By March 21, 2017, Appellant had filed his third and final amended complaint, which included counts for conversion of property, breach of contract, and breach of fiduciary duty. The third amended complaint listed multiple instances of Appellee allegedly breaching her fiduciary duty to Appellant, including inadequately filing or failing to file Appellant's federal income tax returns. Appellee filed a motion for summary judgment, which the trial court granted on March 9, 2018, as to all counts, except for the portion of the breach of fiduciary duty claim relating to Appellant's tax returns. Appellant filed a motion for reconsideration, which the trial court denied on March 23, 2018. The trial court granted non-suit on the remaining portion of the breach of fiduciary duty claim on January 22, 2019. Appellant filed this timely appeal on February 21, 2019.[1]

Appellant presents the following issues for our review:

> 1. Did the [trial c]ourt error by ignoring the fact that a contract may be manifest orally, in writing, or as an inference from the acts and conduct of the parties. ***J.F. Walker Co., Inc. v. Excalibur Oil Group, Inc.***, 792 A.2d 1269, 1272 (Pa. Super. Ct. 2002),

---

[1] Appellant filed his statement of errors complained of on appeal on March 19, 2019. The trial court entered its opinion on June 27, 2019.

citing John Edward Murray, Jr., Cases and Materials on Contracts 184 (3rd ed. 1983); *Axilband v. McAllister*, 180 A.2d 244, 249 (Pa. 1962), noting that commissions can be proven through oral agreement?

2.     Did the [trial c]ourt error in dismissing [Appellant]'s claim for Breach of Contract on the basis that [Appellant] did not provide any authority that holds that the breach of a Power of Attorney warrants a four-year statute of limitations despite the provision of . . . 42 Pa.C.S.A. Judiciary and Judicial Procedure §5525:

Four year limitation states:

(a) (8) An action upon a contract, obligation or liability founded upon a writing not specified in paragraph (7), under seal or otherwise, except an action subject to another limitation specified in this subchapter.

Appellant's Brief at 2-3 (trial court's answers omitted).[2]

Entry of summary judgment is governed by Rule 1035.2 of the Rules of Civil Procedure:

After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

---

[2] Generally, to preserve issues for appeal, a timely post-trial motion must be filed.  *See* Pa.R.C.P. 1038; *see also* Pa.R.C.P. 227.1; *Devon Service, LLC v. S & T Realty*, 171 A.3d 287, 292-93 (Pa. Super. 2017).  However, as Appellant is appealing from the trial court's grant of the motion for summary judgment only, not the grant of non-suit, and as Appellant filed a motion for reconsideration after the order granting summary judgment, we conclude that Appellant did not need to file a post-trial motion in order to preserve his claims for appeal.  *See* Note to Pa.R.C.P. 227.1(c) ("A motion for post-trial relief may not be filed to orders disposing of preliminary objections, motions for judgment on the pleadings or for summary judgment, motions relating to discovery or other proceedings which do not constitute a trial.").

> (2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.C.P. 1035.2.

> Our standard of review of an appeal from an order granting summary judgment is well settled: Summary judgment may be granted only in the clearest of cases where the record shows that there are no genuine issues of material fact and also demonstrates that the moving party is entitled to judgment as a matter of law. Whether there is a genuine issue of material fact is a question of law, and therefore our standard of review is *de novo* and our scope of review is plenary. When reviewing a grant of summary judgment, we must examine the record in a light most favorable to the non-moving party.

> ***Newell v. Montana West, Inc.***, 154 A.3d 819, 821–22 (Pa. Super. 2017) (citations and internal quotation marks omitted).

***Reason v. Kathryn's Korner Thrift Shop***, 169 A.3d 96, 100 (Pa. Super. 2017).

Appellant only challenges the grant of summary judgment on his breach of contract claim, not his claims for breach of fiduciary duty or conversion. Appellant's Brief at 6.[3]

---

[3] Although Appellant's statement of questions involved pursuant to Pa.R.A.P. 2116 enumerates two appellate claims, the argument section of his brief contains no divisions, in violation of Pa.R.A.P. 2119(a), which mandates that "argument shall be divided into as many parts as there are questions to be argued." Although we have chosen to apply our rules liberally, we admonish Appellant and, more importantly, his counsel, and we remind them of the following:

"The necessary material facts that must be alleged for [a cause of action for breach of contract] are simple:  there was a contract, the defendant breached it, and plaintiff[] suffered damages from the breach."  *McShea v. City of Philadelphia*, 995 A.2d 334, 340 (Pa. 2010).

Appellant contends that the contract at the center of this cause of action can be inferred from the parties' actions.  Appellant's Brief at 6.

> Before a contract can be found, all of the essential elements of the contract must exist.  Therefore, in determining whether an agreement is enforceable, we must examine whether both parties have manifested an intent to be bound by the terms of the agreement, whether the terms are sufficiently definite, and whether consideration existed.  If all three of these elements exist, the agreement shall be considered valid and binding.  *Burkett v. Allstate Insurance Co.*, 368 Pa.Super. 600, 534 A.2d 819 (1987), *vacated on other grounds*, 520 Pa. 94, 552 A.2d 1036 (1988).  Furthermore, in the case of a disputed oral contract, what was said and done by the parties, as well as what was intended by what was said and done by the parties, are questions of fact to be resolved by the trier of fact . . . *Solomon v. Luria*, 213 Pa.Super. 87, 246 A.2d 435 (1968).  "The burden is on the plaintiff to prove by a preponderance of the evidence the existence of the contract to which the defendant is a party."  *Viso v. Werner*, 471 Pa. 42, 46, 369 A.2d 1185, 1187 (1977).

*Johnston the Florist, Inc. v. TEDCO Construction Corp.*, 657 A.2d 511, 516 (Pa. Super. 1995) (*en banc*).

---

> The briefing requirements scrupulously delineated in our appellate rules are not mere trifling matters of stylistic preference; rather, they represent a studied determination by our Court and its rules committee of the most efficacious manner by which appellate review may be conducted so that a litigant's right to judicial review as guaranteed by Article V, Section 9 of our Commonwealth's Constitution may be properly exercised.

*Commonwealth v. Briggs*, 12 A.3d 291, 343 (Pa. 2011).

In the current case, the trial court interpreted the breach of contract cause of action in Appellant's third amended complaint as arising only from a breach of the power of attorney. We disagree. The third amended complaint also alleges the existence and breach of a non-written contract. The facts section of the third amended complaint avers that the parties had an "agreement" that Appellee would "use [Appellant]'s money appropriately for house maintenance and wedding expenses." Third Amended Complaint, 3/21/2017, at ¶ 17. The facts section continued that Appellee "accepted $55,000.00 in addition while living rent free and agreed to use the money to pay for wedding expenses for the pending marriage." *Id.* at ¶ 19. Count III of the third amended complaint, the breach of contract claim, incorporated these facts. *Id.* at ¶ 38. That count continues:

> 41. [Appellant] entrusted [Appellee] with $55,000.00 to pay for expenditure towards their pending wedding as well as additional money for his home, for upkeep, maintenance, utility bills and necessary repairs in exchange for living rent free in [Appellant]'s home. . . .
>
> 43. . . . [Appellee] has breached her promise to use the money as agreed between the parties and not to steal it.

*Id.* at ¶¶ 41, 43. The allegations in Appellant's complaint were supplemented by his deposition, where he testified: "[Appellee] was responsible to ensure that the moneys I set aside for the household bills, mortgage, maintenance, that they were being paid timely." Appellant's Deposition at 36.

If all of Appellant's allegations are believed, then he would have established a contract. Specifically, he claimed that the parties made

promises that manifested their intent to be bound, with the sufficiently definite terms that Appellant would give Appellee money for her to pay for household upkeep and wedding expenses, and Appellee could live rent-free in Appellant's home as consideration. *See Johnston*, 657 A.2d at 516; *see also* Appellant's Deposition at 36; Third Amended Complaint, 3/21/2017, at ¶¶ 17, 19, 41, 43.

As this agreement was a non-written contract, "what was said and done by the parties, as well as what was intended by what was said and done by the parties, are questions of fact to be resolved by the trier of fact[.]" *Johnston*, 657 A.2d at 516; *see also GMH Associates, Inc. v. Prudential Realty Group*, 752 A.2d 889, 898 (Pa. Super. 2000) ("In the case of a disputed oral contract, what was said and done by the parties as well as what was intended by what was said and done by them are questions of fact."); *Rader v. Palletz*, 51 A.2d 344, 346 (Pa. Super. 1947) ("Where the evidence is conflicting, the determination whether a contract existed and what its terms were is for the jury."). Accordingly, summary judgment should have only been granted if there were no genuine issues of material fact to be submitted to a jury. Pa.R.C.P. 1035.2; *Reason*, 169 A.3d at 100.

In her answer to the third amended complaint, Appellee provided the following responses to the above-quoted paragraphs from said complaint:

> 17. The allegations in this paragraph are conclusions of law to which no answer is required. To the extent an answer is required, these allegations are denied and strict proof is demanded at the time of trial, if material.
> . . .

19.   Admitted in part, denied in part.  [Appellee] admits that she did not pay rent during this time.  All other allegations are denied. By way of further response, [Appellee] states that she was not given money to pay for wedding expenses, nor agreed to use any money to pay for wedding expenses.
. . .

38.   No response necessary.
. . .

41.   Denied.
. . .

43.   The allegations in this paragraph are conclusions of law to which no answer is required.  To the extent an answer is required, these allegations are denied and strict proof is demanded at the time of trial, if material.

Appellee's Answer to Appellant's Third Amended Complaint, 5/24/2017, at 5, 7-8 ¶¶ 17, 19, 38, 41, 43.[4]  Given that Appellee has denied all of Appellant's relevant factual assertions,[5] there are genuine issues of material fact in this case that should have been resolved by a trier of fact.  Pa.R.C.P. 1035.2; ***Johnston***, 657 A.2d at 516; ***Reason***, 169 A.3d at 100.  Ergo, the trial court erred by granting summary judgment.  Pa.R.C.P. 1035.2.

As for Appellant's second appellate challenge that the trial court should have applied a four-year statute of limitations to his claim, Appellant's Brief

---

[4] Pursuant to our review of the record, we find no deposition of Appellee nor any exhibits submitted by Appellee.  Consequently, we have no evidence from Appellee to review and can only refer to her answer to the third amended complaint to discern her factual allegations.

[5] However, we note that Appellee's answer to paragraph 41 of the third amended complaint merely stated, "Denied",  Appellee's Answer to Appellant's Third Amended Complaint, 5/24/2017, at 7 ¶ 41, and that "[g]eneral denials constitute admissions where—like here—specific denials are required.  ***See*** Pa.R.C.P. No. 1029(b)."  ***Bank of America, N.A. v. Gibson***, 102 A.3d 462, 466–67 (Pa. Super. 2014).

at 7 (citing 42 Pa.C.S. § 5525(a)(8)), we observe that the trial court did not grant summary judgment on the breach of contract claim on the basis of the statute of limitations. Trial Court Opinion, filed June 27, 2019, at 22-25. Hence, we need not address this claim. However, in order to avoid having to address this issue as part of a potential subsequent appeal, we first observe that, for the other two causes of action, the trial court concluded that the statute of limitations began to accrue by September 2013. Trial Court Opinion, filed June 27, 2019, at 18, 20. As Appellant does not appeal the other summary judgment and non-suit on these two other claims, he must thereby agree that this date is correct. "The statute of limitations for a breach of contract claim is four years." **Steiner v. Markel**, 968 A.2d 1253, 1255 n.5 (Pa. 2009) (citing 42 Pa.C.S. § 5525). Four years after September 2013 was September 2017. Appellant commenced this action by complaint on August 23, 2016. Thus, the statute of limitations had not run by the time Appellant initiated this action.

For the reasons set forth above, we reverse the grant of summary judgment as to Appellant's cause of action for breach of contract only. All other rulings of the trial court remain in effect. We remand for further proceedings consistent with this decision.

Grant of summary judgment on breach of contract claim reversed. All other rulings affirmed. Case remanded. Jurisdiction relinquished.

Judge Murray joins the memorandum

Judge Nichols notes her dissent.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/4/20